**Billy Don DUNLAP,
Plaintiff-Appellant,**

v.

**STATE OF TENNESSEE et al.,
Defendants-Appellees.**

**No. 74–1566.**

United States Court of Appeals,
Sixth Circuit.

April 17, 1975.

William Terry Denton, Maryville, Tenn., for appellant.

David M. Pack, Atty. Gen., Nashville, Tenn., Alex B. Shipley, Jr., Asst. Atty. Gen., for appellee.

Before EDWARDS and PECK, Circuit Judges and DUNCAN,* District Judge.

DUNCAN, District Judge.

This is an appeal from an order of the District Court dismissing plaintiff's complaint for injunctive, declaratory and pecuniary relief for defendants' alleged violation of plaintiff's rights under the Fourteenth Amendment to the United States Constitution. The complaint was brought by Billy Don Dunlap against various officials associated with the Tennessee Air National Guard. The District Court held that this case, involving as it does a decision by the military, does not raise questions which may properly be reviewed by a civil court.

Prior to the events which led to his filing this 42 U.S.C. § 1983 action in the District Court, appellant had a dual relationship with the Tennessee National Guard. He was employed by the National Guard as a technician pursuant to the Technicians Statute, 32 U.S.C.A. § 709 (Supp.1974). National Guard tech-

---

* The Honorable Robert M. Duncan, Judge, United States District Court for the Southern District of Ohio, sitting by designation.

nicians are charged with the administration and training of National Guard personnel and with the maintenance and repair of Guard supplies.[1] Appellant was also a member of the Tennessee Air National Guard. His membership in the Guard was a statutory prerequisite to his continued employment as a technician.[2] Knowing that his term of enlistment as a member of the Guard would expire on December 8, 1972, appellant sought re-enlistment through the appropriate channels.

However, he was not permitted to re-enlist. The complaint alleges that he was informed by his commanding officer, Colonel Robert W. Akin, that Akin, in the exercise of his discretion had decided that it was not in the best interests of the Guard to permit his re-enlistment. Appellant persisted in his efforts and was notified that Akin had decided to convene a board of officers to advise him as to the matter of appellant's re-enlistment. Appellant requested, and was refused, a more detailed statement of the reason for Akin's decision and permission to appear before the board of officers to refute any charges which had been made against him. The board met and agreed with Colonel Akin's decision. Appellant thereby lost his Guard membership without ever learning the reason it was believed not to be in the best interests of the Guard to permit his re-enlistment. After receiving thirty days notice, as required by the Technicians Statute,[3] his employment as a technician was terminated on January 12, 1973. The sole reason given for the termination was his lack of membership in the Guard. Appellant took his statutory[4] appeal to the adjutant general. The District Court treated this appeal as having been decided adversely to appellant; this Court does the same.

Paragraph 14 of the complaint alleges that Colonel Akin's decision was

purposeful and intentional action that was calculated to culminate in the plaintiff's discharge from his technician's job and have the further result of placing the plaintiff in such a position as would either frustrate or deny any opportunity for him to effectively pursue an administrative remedy.

In a similar vein, paragraph 16 alleges that the action by the board of officers was a

continuing and further effort to eliminate the plaintiff from his position as a technician and to frustrate or deny any opportunity for him to effectively pursue an administrative remedy.

---

1. Subsection (a) of the Technicians Statute, 32 U.S.C.A. § 709(a) (Supp.1974), provides:

   Under regulations prescribed by the Secretary of the Army or the Secretary of the Air Force, as the case may be, and subject to subsection (b) of this section persons may be employed as technicians in—
   (1) the administration and training of the National Guard; and
   (2) the maintenance and repair of supplies issued to the National Guard or the armed forces.

2. 32 U.S.C.A. § 709(b) (Supp.1974) provides:

   Except as prescribed by the Secretary concerned, a technician employed under subsection (a) shall, while so employed, be a member of the National Guard and hold the military grade specified by the Secretary concerned for that position.
   Section (e)(1) provides:
   Notwithstanding any other provision of law and under regulations prescribed by the Secretary concerned—

   (1) a technician who is employed in a position in which National Guard membership is required as a condition of employment and who is separated from the National Guard or ceases to hold the military grade specified for his position by the Secretary concerned shall be promptly separated from his technician employment by the adjutant general of the jurisdiction concerned.

3. 32 U.S.C.A. § 709(e)(6) (Supp.1974) provides:

   (6) a technician shall be notified in writing of the termination of his employment as a technician and such notification shall be given at least thirty days prior to the termination date of such employment.

4. 32 U.S.C.A. § 709(e)(5) (Supp.1974) provides:

   (5) a right of appeal which may exist with respect to clause (1), (2), (3), or (4) shall not extend beyond the adjutant general of the jurisdiction concerned; and

In finding that "under the circumstances described here, the actions of Colonel Akin and the advisory board and the subsequent appeal to the adjutant general are not subject to review by a civil court," the District Court relied upon the principle that

judges are not given the task of running the Army. . . . Orderly government requires that the judiciary be as scrupulous not to interfere with legitimate Army matters as the Army must be scrupulous not to intervene in judicial matters. . . .

Orloff v. Willoughby, 345 U.S. 83, 93, 73 S.Ct. 534, 540, 97 L.Ed. 842 (1953). *Cf.* Parker v. Levy, 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974); Mindes v. Seaman, 453 F.2d 197 (5th Cir. 1971); Gianatasio v. Whyte, 426 F.2d 908 (2d Cir. 1970); Schatten v. United States, 419 F.2d 187 (6th Cir. 1969); Baum v. Zuckert, 342 F.2d 145 (6th Cir. 1955).

■■■ The primary rationale for the doctrine of nonreviewability of military decisions lies in the civil courts' "unwillingness to second-guess judgments requiring military expertise." Mindes v. Seaman, 453 F.2d 197, 199 (5th Cir. 1971). In determining the applicability of the doctrine in any particular case, the threshold question must necessarily concern the nature of the decision sought to be reviewed rather than merely the identity of the decision-maker. In one sense, all decisions by military personnel are military in nature. But decisions which are made for non-military reasons involving no application of military expertise may well be outside the boundaries of the doctrine of nonreviewability.

There may have been a military justification for Colonel Akin's refusal to permit appellant's re-enlistment. Such a justification might, for example, relate specifically to appellant's lack of qualification for continued military service or more generally to a military decision to decrese the ranks of the Guard by limiting re-enlistments. Colonel Akin has declined appellant's requests that he state more precisely the military reason for his decision. Appellant in his complaint has filled this void by alleging that the decision was made not for military reasons but to terminate appellant's technician employment in such a way as to deny him the administrative recourse he alleges he would have had if the military had acted directly to terminate this employment.

■■■ The Technicians Statute, 32 U.S.C.A. § 709(e)(3) (Supp.1974), provides that the *adjutant general* may terminate a technician's employment *for cause*:

(3) a technician may, at any time, be separated from his technician employment for cause by the adjutant general of the jurisdiction concerned.

In order for this provision to have meaning, the unreviewable discretion of Guard officials to permit or refuse re-enlistments must not extend to decisions which are made for the purpose of affecting a guardsman's technician employment. If the concern of the Guard is in the first instance with a guardsman's technician employment, the statute provides that it is the adjutant general, not the commanding officer, who must act, and it provides that he must act for cause. Appellant's "allegations— which we must construe most favorably to the [appellant] at this stage of the litigation—do raise a genuine issue as to his interest in the continued employment" as a technician with the Tennessee Air National Guard. Perry v. Sindermann, 408 U.S. 593, 599, 92 S.Ct. 2694, 2698, 33 L.Ed.2d 570 (1972).

■■■ The standard for judging the sufficiency of a complaint on a motion to dismiss is a familiar one. "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The complaint must not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). We hold that

the District Court erred in dismissing the complaint before appellant had an opportunity to prove his allegation that Colonel Akin's decision was made for other than military reasons.

Reversed and remanded.