## TENNESSEE ET AL. v. DUNLAP

No. 75–95. Argued March 22, 1976—Decided June 10, 1976

MARSHALL, J., delivered the opinion for a unanimous Court.

*Alex B. Shipley, Jr.,* Assistant Attorney General of Tennessee, argued the cause for petitioners. With him on the brief was *R. A. Ashley, Jr.,* Attorney General.

*William Terry Denton* argued the cause and filed a brief for respondent.*

MR. JUSTICE MARSHALL delivered the opinion of the Court.

Respondent brought this action in the United States District Court for the Eastern District of Tennessee, challenging the termination of his employment as a tech-

---

*Solicitor General Bork, Deputy Solicitor General Jones,* and *John F. Cooney* filed a brief for the United States as *amicus curiae* urging reversal.

nician with the Tennessee Air National Guard as violative of the Due Process Clause of the Fourteenth Amendment. Petitioners are the defendants below—the State of Tennessee and its Governor, the Tennessee Air National Guard, and various officials of the Tennessee Air National Guard.

The National Guard Technicians Act of 1968 provides generally that a National Guard technician, who is a full-time civilian employee of the National Guard, must be a member of the National Guard,[1] and that a technician who is separated from the Guard "shall be promptly separated from his technician employment." 32 U. S. C. §§ 709 (b), (e)(1). The same section of the Act provides that "a technician may, at any time, be separated from his technician employment for cause." § 709 (e) (3). On December 8, 1972, respondent was discharged from the Tennessee Air National Guard for the stated reason that his term of enlistment had expired. Five days later respondent was notified by his commander that his employment as a technician would be terminated in 30 days because he was no longer a member of the Guard.

Respondent concedes the validity of the statutory requirement that a technician maintain his status as a member of the National Guard. Accordingly, the focus of his claims is petitioners' refusal to permit his re-enlistment. In his complaint respondent alleged that prior to De-

---

[1] The Secretary of the Army or the Air Force, in this case the Air Force, may by regulation exempt technicians from the requirement of membership in the Guard. 32 U. S. C. § 709 (b). The Senate and House committee reports contemplated the exemption of about 5% of the technicians—principally secretaries, clerk-typists, and security guards. H. R. Rep. No. 1823, 90th Cong., 2d Sess., 6 (1968); S. Rep. No. 1446, 90th Cong., 2d Sess., 5 (1968). Respondent has not been exempted from the requirement of Guard membership.

cember 8 he had attempted, without success, to re-enlist in the Guard. He further alleged that his request for a hearing before the board charged with making a recommendation on his re-enlistment was denied, that he was never supplied a copy of any charges against him, and that the only reason he ever received for the refusal of his requested re-enlistment was a general one that it was not in the best interest of the Guard to allow him to re-enlist. In fact, respondent alleged, the reason he was denied re-enlistment was to effect his discharge as a technician without the necessity of affording him the administrative recourse he would have had if he had been terminated as a technician directly and "for cause" under § 709 (e)(3). Liberally construed, the complaint then asserted three constitutional claims: (1) that the mechanism by which respondent was refused re-enlistment denied him procedural due process; (2) that the "alleged discretion" vested in his commander to decide whether his re-enlistment was in the best interest of the Guard does not comport with due process because of the lack of "any objective or ascertainable standards or criteria" to guide the exercise of that discretion; and (3) that the denial of re-enlistment was arbitrary and capricious, and therefore violative of due process.[2]

The District Court dismissed the complaint on the ground that the denial of re-enlistment was a military action not subject to review by a civilian court. The Court of Appeals for the Sixth Circuit reversed. It apparently agreed with the District Court that a decision to refuse re-enlistment in the Guard would ordinarily be nonreviewable in a civil court. But the Court of Appeals held that respondent should be given the oppor-

[2] The complaint also included a general assertion of discrimination in violation of the Equal Protection Clause. Never adequately alleged, and not considered by the District Court or the Court of Appeals, this assertion is not before us.

tunity to prove that his denial of re-enlistment was based not on any military considerations, but on a desire to terminate his technician employment in such a way as to circumvent § 709 (e)(3)'s requirement of "cause," which would have been applicable if his technician employment had been terminated directly. "In order for [§ 709 (e)(3)] to have meaning," the court concluded, "the unreviewable discretion of Guard officials to permit or refuse re-enlistments must not extend to decisions which are made for the purpose of affecting a guardsman's technician employment." 514 F. 2d 130, 133 (1975). In other words, the court held that if a denial of re-enlistment reflects no more than a desire to terminate employment as a technician, cause must be shown under § 709 (e)(3). And from this the court concluded that there was a genuine issue as to whether respondent had a property interest in continued employment sufficient to support his due process contentions. We granted certiorari. 423 U. S. 821 (1975).

We do not agree with the Court of Appeals that § 709 (e)(3) has any application to this case. Subsection (3) of § 709 (e) provides only one of several bases for the termination of a technician's employment. As already indicated, subsection (1) requires that a technician "who is separated from the National Guard or ceases to hold the military grade specified for his position . . . shall be promptly separated from his technician employment." Subsection (2) provides that a technician "who fails to meet . . . military security standards . . . may be separated from his employment as a technician and concurrently discharged from the National Guard." And subsection (3), to repeat, provides additionally that "a technician may, at any time, be separated from his technician employment for cause." There is nothing in the language or structure of § 709 (e), or in its legislative history, to suggest that subsection (3)'s requirement of

cause was intended to qualify subsection (1)'s mandate that termination of employment accompany separation from the Guard. Nor is there anything to suggest that subsection (3) was intended to have any bearing on whether one is separated from the Guard. Indeed, the relevant House and Senate committee reports summarize the three subsections as providing "for termination of civilian employment upon loss of Guard membership, failure to meet military security standards, *or* separation for cause." H. R. Rep. No. 1823, 90th Cong., 2d Sess., 3 (1968); S. Rep. No. 1446, 90th Cong., 2d Sess., 3 (1968) (emphasis added). See also H. R. Rep. No. 1823, p. 8; S. Rep. No. 1446, p. 7. The clear and *sole* import of subsection (3), then, is that if a technician remains a member of the National Guard and is otherwise eligible for continued employment under subsections (1) and (2), he may nevertheless be discharged for cause. There can be no significance, therefore, to the claim that the denial of re-enlistment to respondent was designed to circumvent the requirements of § 709 (e)(3). Nor can § 709 (e)(3) provide the foundation for any due process claim in this case, since the property interest it creates in continued employment is confined, in all events, to the guardsman's term of enlistment.[3]

The judgment of the Court of Appeals is

*Reversed.*

---

[3] Respondent asserts in his brief that he had a property interest in the form of a legitimate expectation of re-enlistment and continued employment. See *Perry* v. *Sindermann.* 408 U. S. 593, 599–603 (1972). This assertion was not pleaded in respondent's complaint, was not considered by the District Court or the Court of Appeals, and accordingly is not before us.