Shirley Mae WEST, on her own behalf and on behalf of all others similarly situated, et al., Plaintiffs-Appellants,

v.

Harold BROWN, Individually and in his official capacity as Secretary of the Department of Defense, et al., Defendants-Appellees.

No. 76-1123.

United States Court of Appeals, Fifth Circuit.

Sept. 1, 1977.

---

Steven J. Wisotsky, Asst. Professor of Law, Ft. Lauderdale, Fla., Frank H. Holtzman, Coconut Grove, Fla., for plaintiffs-appellants.

L. Neal Ellis, Jr., Litigation Div., OTJAG, Dept. of Army, Washington, D. C., Robert W. Rust, U. S. Atty., John Steven Berk, Asst. U. S. Atty., Miami, Fla., for defendants-appellees; of counsel, Edward C. Newton, IV, Washington, D. C.

Before THORNBERRY, GODBOLD and FAY, Circuit Judges.

THORNBERRY, Circuit Judge:

This case attacks the constitutionality of a nonwaivable regulation of the Secretary of the Army which bars enlistment of unwed parents of minor children.[1]  Shirley

---

1. That regulation, AR 601–210, Rule G, ¶ 2, Table 2–1, provides, in relevant part:

Table 2–1. Basic Eligibility Criteria for Persons with No Prior Service—Continued Rule G. Men and women applying must—
(1) Have no more than two dependents, but see (2) below.
(2) Applicants without a spouse and with one or more dependents under 18 years of age are disqualified.  Except as provided in note (3), no waiver is authorized.

(3) See Footnote 1 for definition of dependent for purpose of determining enlistment eligibility.
NOTES
(1) In meritorious cases, applicants with a spouse and more than one child may request waiver of (1).
(2) All applicants will execute statement contained in paragraph 4–34c.
(3) Divorced applicants may be processed for dependency waiver when the child or children have been placed in the custody of the other parent by court order (whether or

Mae West and her daughter, plaintiffs, are an unwed mother and minor child. Ms. West met all other enlistment criteria, but was rejected on the basis of the unwed parents regulation. The Wests ask for a declaratory judgment, mandamus, and back pay and benefits for themselves and for a putative class.

■ The district court ruled on cross motions for summary judgment that it lacked jurisdiction because the question was nonjusticiable, citing *Gilligan v. Morgan*, 413 U.S. 1, 93 S.Ct. 2440, 37 L.Ed.2d 407 (1973). We affirm the district court's action on the basis that this challenge to the regulation is nonreviewable.

The reviewability of military enlistment criteria is an area littered with unanchored dicta, most of which argue against review of matters of the selection of enlistees. *See, e. g., Gilligan v. Morgan, supra; Orloff v. Willoughby*, 345 U.S. 83, 73 S.Ct. 534, 97 L.Ed. 842 (1953); *Silverthorne v. Laird*, 460 F.2d 1175 (5 Cir. 1972); *United States v. McDuffie*, 443 F.2d 1163 (5 Cir.), *cert. denied*, 404 U.S. 859, 92 S.Ct. 157, 30 L.Ed.2d 101 (1971). This court might simply follow these loose statements. The better approach in this case, however, would entail analysis under the applicable tests for reviewing military action. In this Circuit, the central authority is *Mindes v. Seaman*, 453 F.2d 197 (5 Cir. 1971).

■ *Mindes* permits review of the constitutionality of military decisions where the district court strikes a balance in favor of review based on four factors: (1) the strength of the plaintiff's claim; (2) potential harm to the plaintiff if review is denied; (3) type and degree of anticipated interference with the military function; and (4) extent to which military expertise or discretion is involved.

*Gilligan v. Morgan, supra,* does not appear to change this Fifth Circuit test. There, plaintiffs requested the district court to exercise continuing supervision over the practices and procedures of the Ohio National Guard, including enlistment, training, discipline and equipping. The Supreme Court held that this requested relief went too far and presented a nonjusticiable question. The Court was concerned with the type of relief requested—it was extraordinary, broad, and entailed continued judicial supervision of the military. The present case does not seek such relief. Furthermore, *Gilligan* seems to prohibit only widespread interference with military matters involving the exercise of military discretion. The facts in *Gilligan* therefore would most likely present no reviewable question under *Mindes.*

■ Ordinarily, the proper procedure would be to vacate the district court's order and remand for a determination of reviewability under *Mindes* and resolution of the constitutional challenge if there is a justiciable challenge. But since the district court resolved the issue on cross motions for summary judgment, there are no contested facts and the appellate court is as capable as the district court to resolve the questions of law. To proceed through the four *Mindes* factors:[2]

### (1) Strength of Plaintiffs' Claim

■ Plaintiffs allege that the regulation unconstitutionally burdens the right to marry or not to marry and the right to rear children.[3] This, they assert, is a fundamental right propelling the case into a "strict scrutiny" posture on the merits. The government disputes this, and states that the Social Security case of *Weinberger v.*

not the applicant is required to provide child support).

2. The government would have this court add another factor to the *Mindes* test—whether the special requirements of the military argue against review. For the present court to add this as an independent factor would amount to a modification of *Mindes*, which is a matter properly left to the court *en banc.* Still, the

inquiry requested by the government is probably subsumed under the other *Mindes* factors.

3. Plaintiffs also raised claims of sex and race discrimination. These claims were without merit and are not earnestly argued on appeal. *See Washington v. Davis*, 426 U.S. 229, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976).

*Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975), controls. We agree with the government. *Salfi* holds that rational restrictions on noncontractual government benefits and services are valid in the absence of affirmative government action which curtails important constitutional liberties, since such benefits do not in themselves enjoy constitutionally protected status. The doctrine of "irrebuttable presumptions" is inapplicable to such questions. There is no right to join the military, and therefore the *Salfi* standard applies. Relevant to this inquiry is Army experience under the predecessor to the challenged regulation. That regulation, in effect from July 1973 to July 1974, barred enlistment of unwed parents of minor children, but permitted waiver:

> [From July 1973–July 1974,] single applicants with a dependent child or children under 18 years of age were required to process and have approved a waiver in their behalf prior to enlistment. During the period July 73–July 74, there was a significant increase in the enlistment of single applicants with minor children. Also, during this period, sole parents presented many problems in other personnel management areas. These soldiers were unable, many times, to perform during normal duty hours because of the requirement to care for the children; some were not available for extra duty requirements in the evening, weekend, and other odd duty hour requirements. Special considerations were required during extended and unannounced training exercises to avoid the children suffering from lack of proper care and supervision. Overall, this category of soldiers was requiring an inordinate amount of management time and presented morale problems because of the inconsistency in unit policies regarding duty and other requirements. Of paramount importance, this category of soldiers was not providing the assignment flexibility required to manage a military force on a worldwide basis and caused inequities in the Army assignment policies.

> During the period July 73–July 74, the problems associated with single applicants with minor children were highlighted. Even though enlistees had made arrangements for the care of the children prior to their enlistment, these arrangements, many times, were temporary and did not relieve them from the care of the children. Consequently, soldiers were arriving at their first duty stations not prepared to provide the proper care and supervision of the children and perform their military duties. This situation created morale problems within the units. Therefore, the Army implemented a policy on 15 July 1974 that precluded the enlistment of single applicants with dependents under 18 years of age. This policy has proven to be in the best interest of the Army and provides an equitable policy for all applicants.

Affidavit of Major General George W. Putnam, Jr., R. at 122, 122–23. In light of this uncontroverted basis, the regulation indeed seems reasonable. And it does not affirmatively curtail marriage or child bearing. Thus, under *Salfi*, the plaintiffs' claim would likely fall.

While we do not here hold that the plaintiffs' constitutional claim lacks merit, we hold that the claim is not powerful; rather it is tenuous.

**(2) Plaintiffs' Loss**

Plaintiffs would lose the option to enter a career in the Army and the special benefits for military dependents. They allege no other harm.

**(3) Impact on the Military**

**(4) Military Expertise and Discretion**

The third and fourth factors, on the facts of this case, present a single inquiry, focusing on disruption of military functions and distortion of factors such as troop morale which are important to the operation of the military. What would be the effect of our invalidating this nonwaivable regulation? On the basis of Major General Putnam's affidavit sketching the past history of Army experiments in this area, we can see

that our review would entail a sizeable leap into an area in which the only compass is accumulated military experience. Accordingly, we decline to review this challenge to this regulation. *Mindes v. Seaman* bars review.[4]

The judgment of the district court is AFFIRMED.

---

4. Plaintiffs cite *Crawford v. Cushman*, 531 F.2d 1114 (2 Cir. 1976), as a case reaching the merits of a constitutional challenge to the Marine Corps regulation which mandated dismissal of a woman member who becomes pregnant. The Second Circuit stated:

> In light of *Levy*, *Ballard* and *Frontiero* we find there to be no basis for a judicial deference to the military here which precludes review of appellant's substantive constitutional claims. At issue is "one of the liberties" the Supreme Court has declared to be

long recognized as protected by the Constitution: "freedom of personal choice in matters of marriage and family life. . . ."

*Crawford* does not control here, either on this question of reviewability, or on the merits. First, the Second Circuit apparently does not use a *Mindes* type test to determine justiciability in questions of military policy. Secondly, on the merits, *Crawford* presented a powerful sex discrimination claim, unlike the present tenuous claim based on familial rights.