**Charles A. NESMITH, Plaintiff,**

**v.**

**Clyde E. FULTON, Billy M. Jones, Benjamin H. Bruce, George W. Finison, Robert L. Cochran, and the Air National Guard of the State of Georgia, Defendants.**

**Civ. A. No. 77–106–Mac.**

United States District Court,
M. D. Georgia,
Macon Division.

Jan. 23, 1978.

Stewart R. Brown, Westmoreland, Patterson & Moseley, Macon, Ga., for plaintiff.

Arthur K. Bolton, Atty. Gen., John C. Jones, Staff Asst. Atty. Gen., State of Georgia, Atlanta, Ga., for defendants.

## RULING ON MOTION TO DISMISS

OWENS, District Judge.

In this action pursuant to 42 U.S.C.A. § 1983, the plaintiff claims that he was denied his right to procedural due process in the termination of his employment as a technician with the Georgia Air National Guard. The case is now before the court on a motion to dismiss in which the defendant claims that under the Supreme Court case of *Tennessee v. Dunlap*, 426 U.S. 312, 96 S.Ct. 2099, 48 L.Ed.2d 660 (1976) the plaintiff has no protectable property interest to which procedural due process requirements attach.

The facts, construed most strongly in favor of the plaintiff, are as follows. The plaintiff was a full time civilian technician with the Georgia Air National Guard and, as required by 32 U.S.C.A. § 709(e)(1), he was simultaneously a member of a military unit of the Georgia Air National Guard. He became embroiled in several controversies with the commander of his military unit about his performance as a civilian technician. The plaintiff alleges that from bad motive unrelated to any just cause, his unit commander then refused to reenlist him in the military unit for the sole purpose of depriving him of his civilian technician job. The consequence of the refusal to reenlist the plaintiff was that he was automatically terminated pursuant to 32 U.S.C.A. § 709(e)(1) from the technician employment without a hearing or administrative process as set forth in National Guard Regulations. This, he claims, was a violation of his constitutional right to procedural due process.

■ This case is controlled almost entirely by *Tennessee v. Dunlap*, a Supreme Court case which held that a civilian technician in the position of the plaintiff has no protectable property interest because 32 U.S.C.A. § 709(e)(3) confines the technician's employment in all cases to his term of enlistment. In the instant case the plaintiff was never discharged from employment nor was his enlistment term cut short. When his regular term of enlistment expired in October 1976, his unit commander simply refused to reenlist him. This act illustrates exactly why the Supreme Court held in *Tennessee v. Dunlap, supra,* that there was no protectable property interest.

■ This leaves only the question whether the decision of the unit commander not

to reenlist the plaintiff is subject to judicial review. Review of military decisions by civilian authorities is generally very limited, *Mindes v. Seaman*, 453 F.2d 197 (5th Cir. 1977) and in most circumstances the criteria for enlistment are not subject to judicial review. *West v. Brown*, 558 F.2d 757 (5th Cir. 1977).

The *Mindes* decision sets forth four factors by which to determine whether a particular military decision should be subject to review: (1) the nature and strength of the plaintiff's challenge to the military determination, (2) the potential injury to the plaintiff if review is refused, (3) the type and degree of anticipated interference with the military function and (4) the extent to which military expertise or discretion is involved. *Mindes v. Seaman, supra* at 201.

A three judge court in *Turner v. Egan*, 358 F.Supp. 560 (D.Alas.), aff'd 414 U.S. 1105, 94 S.Ct. 831, 38 L.Ed.2d 733 (1973) held that the propriety of a military decision to retire officers was not reviewable. The court in *Turner* applied the *Mindes* balancing test on a motion to dismiss and concluded that review was not possible. This court shall follow the *Turner* decision and reaches the conclusion, applying the *Mindes* factors, that this military reenlistment decision is not reviewable under the circumstances of this case.

The first *Mindes* factor is the nature and strength of the plaintiff's case. The court notes that there is no constitutional right to join the military. *West v. Brown, supra.* The plaintiff offers no statute or regulation which by its plain terms entitles him to reenlistment. His claim amounts to the bare assertion that he believes his military commander has made a poor decision and that the superiors who ratified that decision likewise exercised poor judgment. Thus, the nature of the plaintiff's claim does not militate in favor of review.

The second factor found in *Mindes* is the injury to the plaintiff. The injury in this case is the loss of employment as a technician and the loss of military membership in the National Guard. Although this is unquestionably a matter of great importance to the plaintiff, the injury here is identical to that found in *Turner v. Egan, supra.* Like the *Turner* court, this court concludes that this is not sufficient to warrant civilian judicial intervention in a military decision.

Finally, the third and fourth factors of *Mindes* also weigh against the plaintiff. For this court to sit as an appellate body reviewing military enlistment decisions would inevitably cause it to interfere in military matters and to impinge upon areas of military expertise. Furthermore, the decision of a commander to remove a particular soldier from his unit is certainly a matter of military discretion. It appears to this court that *Mindes, Turner,* and *Brown, supra,* dictate that the decision not to reenlist is not subject to judicial review.

Accordingly, because the plaintiff has no protectable property interest in his technician employment and because the refusal of the Georgia Air National Guard to reenlist the plaintiff is a nonreviewable military decision under the circumstances of this case, the defendants' motion to dismiss must be and hereby is granted.

SO ORDERED, this 23rd day of January, 1978.