**Michelle D. ZIMMERMAN, Petitioner,**

v.

**DEPARTMENT OF the ARMY, Respondent.**

**Appeal No. 84–1539.**

United States Court of Appeals, Federal Circuit.

Feb. 21, 1985.

Michelle D. Zimmerman, pro se.

Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director, Robert A. Reutershan, Dept. of Justice, Asst. Director and Beacham O. Brooker, Jr., Dept. of Justice, Washington, D.C., for respondent; Major William S. Trivette, Dept. of the Army, Army Litigation, Washington, D.C., of counsel.

Before BALDWIN, SMITH and BISSELL, Circuit Judges.

BISSELL, Circuit Judge.

The decision of the Merit Systems Protection Board (Board), Docket Number NY07528410190, affirming the removal of Michelle D. Zimmerman (Zimmerman) is affirmed.

## BACKGROUND

Zimmerman was a "dual status" Administrative Supply Technician with the United States Army in its Army Reserve Technician Program. A condition of her employment as a civilian technician was that she be an enlisted member in good standing with a United States Army Reserve unit. To maintain good standing in the Reserve program, each enlisted service member had to attend monthly unit drills and to perform annual training usually for a period of fourteen days.

On August 2, 1983, Zimmerman requested that her orders for the annual training scheduled from August 6 to 20, 1983, be revoked because her elderly mother was not capable of taking care of her children during that period. The Army denied her request. As a result of her failure to report for annual training, she was transferred from her Army Reserve unit to the Individual Ready Reserve. Since she was no longer a member in good standing of a Reserve unit, she was then removed from her civilian position.

## OPINION

■ Zimmerman contends that the Army failed to follow a number of its regulations in considering her hardship excuse which prevented her from attending the annual Army Reserve training period and in transferring her to the Individual Ready Reserve. In response the government argues that the Board lacked jurisdiction to consider this contention of Zimmerman. The Supreme Court in *Orloff v. Willoughby,* 345 U.S. 83, 73 S.Ct. 534, 97 L.Ed. 842 (1953), stated:

[J]udges are not given the task of running the Army. The responsibility for setting up channels through which such grievances can be considered and fairly settled rests upon the Congress and upon the President of the United States and his subordinates. The military constitutes a specialized community governed by a separate discipline from that of the civilian.

Id. at 93–94, 73 S.Ct. at 539–540. Therefore, the Board does not have the jurisdiction to examine military assignments and transfers. *See* also *Maier v. Orr,* 754 F.2d 973, 984 (Fed.Cir.1985); *Heisig v. United States,* 719 F.2d 1153, 1156 (Fed.Cir.1983).

The Reserve Technician Program imposes the requirement that a civilian technician must be a member of the Reserve. *American Federation of Government Employees v. Hoffman,* 178 U.S.App.D.C. 1, 543 F.2d 930 (D.C.Cir.1976), *cert. denied,* 430 U.S. 965, 97 S.Ct. 1645, 52 L.Ed.2d 356 (1977); *accord Polos v. United States,* 223 Ct.Cl. 547, 621 F.2d 385 (1980). Failure to be a member in good standing of a Reserve unit properly results in separation from the technician employment. *See Tennessee v. Dunlap,* 426 U.S. 312, 315, 96 S.Ct. 2099, 2100, 48 L.Ed.2d 660 (1976). Zimmerman undertook her civilian employment with full knowledge that loss of her dual status might result in her removal from the Federal service.

■ In the proceeding before the Board the agency sustained its burden of proof under 5 U.S.C. § 7701(c)(1) by establishing by the preponderance of the evidence that the reason for Zimmerman's loss of membership in the Army Reserves was due to circumstances within her control. *See McClanahan v. Department of the Army,* 2 MSPB 566, 567 (1980). Since she was no longer in an Army Reserve unit, the agency properly separated Zimmerman from her position as a technician.

In light of the substantial evidence presented in support of the Board's decision, we affirm.

AFFIRMED.