TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00634-CV







Texas Adjutant General's Department and Daniel James, III/

Charles E. Amos, Appellants


v.



Charles E. Amos/Texas Adjutant General's Department and

Daniel James, III, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. 96-12476, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING







 Appellee Charles E. Amos brought suit in Travis County district court against
appellants, the Texas Adjutant General's Department and Daniel James, III, the Adjutant General
(collectively the "Department"), for declaratory and injunctive relief, alleging that the Department
had violated state law and had deprived him of due process of law under the Texas Constitution by
convening an efficiency board whose recommendation led to Amos's eventual discharge from the
Texas Air National Guard (the "National Guard"). The Department appeals the trial court's partial
grant and partial denial of Amos's motion for summary judgment, as well as the denial of the
Department's own motion for summary judgment, motion for new trial, and motion to modify,
correct, or reform the judgment. Because we determine that Amos's action is nonjusticiable, we will
vacate the trial court's judgment and dismiss the cause.



BACKGROUND

 Charles E. Amos joined the National Guard in 1975 and was an officer in 1996. On
September 13, 1996, Daniel James, the Texas Adjutant General and Amos's direct supervising
officer, convened an efficiency board to consider evidence bearing on Amos's fitness for continued
service in the National Guard. Amos was given a Notification of Board Proceedings informing him
that the Adjutant General had convened an efficiency board, that the board was being convened
pursuant to then-effective section 431.042(b)(5) and section 431.089 of the Texas Government Code,
and that the board proceedings would be guided by Air Force Instruction 36-3209 ("AFI 36-3209"),
the military procedure governing the efficiency board. See Act of April 30, 1987, 70th Leg., R.S.,
ch. 147, § 1, sec. 431.042, 1987 Tex. Gen. Laws 316, 422 (Tex. Gov't Code Ann. § 431.042, since
amended); Tex. Gov't Code Ann. § 431.089 (West 1998). The notification informed Amos of the
issues that would be addressed at the hearing, the date of the proceedings, Amos's right to consult
with military counsel, and Amos's right to retain private counsel at his own expense. The hearing
was set for November 2, 1996.

 Amos sought relief in state court. On October 16, 1996, he filed a petition for
declaratory judgment and motion for temporary and permanent mandatory injunctive relief in Travis
County district court against the Department, alleging that the notice sent was invalid because it was
vague and did not sufficiently set forth the procedures to be followed, that the procedures set forth
in the notice were not adopted in conformity with the Texas Administrative Procedures Act, that the
efficiency board set to convene was illegal and contrary to the requisites of the Texas Government
Code, and that the conduct of the efficiency board would deny Amos his constitutional right to due
course of law guaranteed by the Texas Constitution. Amos asked the court, among other things, to
declare that the notice violated the laws and constitution of the State of Texas and to enjoin the
Department from proceeding with the efficiency board hearing until it provided him proper notice
of the charges against him. The district court denied Amos's motion.

 On October 25, 1996, the efficiency board postponed the hearing until December 7. 
In response to Amos's request for more detailed notice of the allegations to be considered at the
hearing, a second notification was sent on November 1, informing Amos of the December 7 hearing
and giving additional information about the allegations against Amos.

 The efficiency board convened and considered evidence on December 7 and 8,
adjourned, and reconvened on December 21. Amos alleges that the Department refused to allow him
to call James and other key witnesses, preventing Amos from adequately presenting his defensive
theory that his removal from the service was politically motivated. At the conclusion of the hearing,
the board found that sufficient cause existed to discharge Amos from the National Guard and transfer
him to the United States Air Force Reserve. In February 1997, the Adjutant General notified Amos
that he was being discharged from his commission as an officer in the National Guard. At the time,
Amos was employed by the Texas Adjutant General's Department as a federal technician. As a
result of his discharge from the National Guard, Amos lost his employment as a federal technician. (1)

 Amos appealed his removal from the National Guard to the Governor of Texas, who
denied Amos's request to set aside his discharge and request a new trial. On March 6, 1998, Amos
filed his first amended petition in Travis County district court, alleging that the Department deprived
him of his commission as an officer in the National Guard without due process of law and violated
state law in convening the efficiency board. In his pleadings, Amos requested a declaratory
judgment and injunctive relief reinstating him to his officers commission and former employment
as a technician, removing reference to the efficiency board proceedings from his personnel records,
and ordering appellants to reimburse Amos for back pay, other lost benefits, attorney's fees, and
costs. 

 Amos filed a motion for summary judgment on the ground that his right to due
process under the Texas Constitution had been violated "when Defendants removed Amos from the
Texas State Guard through an illegally convened board of review." The Department filed a response
to Amos's motion for summary judgment as well as its own motion for summary judgment, arguing
that Amos's claim is nonjusticiable and that summary judgment should be rendered in favor of the
Department on all claims. The district court held Amos's claim justiciable, denied the Department's
motion for summary judgment, and partially granted and partially denied Amos's motion for
summary judgment, finding that "the hearing did not comport with due process as Amos was not
allowed to call certain key witnesses, among them the Adjutant General. Colonel Amos was
therefore deprived of the right to fairly present evidence to support his defense in the Efficiency
Board Hearing." On the Department's motion, the court severed Amos's due process, state law, and
justiciability issues decided by the court in denying the Department's motion for summary judgment
from the remaining claims pertaining to Amos's attorney's fees, back wages, benefits, reinstatement,
and related issues.

 The Department thereafter filed a motion for new trial and motion to modify, correct,
or reform judgment. The trial court denied the motion. The Department now appeals the grant of
Amos's motion for summary judgment and the denial of its motion for summary judgment, as well
as the subsequent denial of its post-judgment motions.


DISCUSSION

 In deciding whether the trial court had jurisdiction to maintain Amos's state law and
due process claims under the Texas Constitution, we rely on the well-established principle that
claims brought by military personnel for injuries arising from or in the course of activity incident to
military service are nonjusticiable. See United States v. Stanley, 483 U.S. 669, 683-84 (1987);
Chappell v. Wallace, 462 U.S. 296, 305 (1983); Feres v. United States, 340 U.S. 135, 146 (1950);
Holdiness v. Stroud, 808 F.2d 417, 423 (5th Cir. 1987); Crawford v. Texas Army Nat'l Guard, 794
F.2d 1034, 1035 (5th Cir. 1986); Newth v. Adjutant Gen. Dep't, 883 S.W.2d 356, 357 (Tex.
App.--Austin 1994, writ denied).

 This principle of judicial abstention had its inception in the case of Feres v. United
States, in which the Supreme Court held that military servicemen could not bring claims against the
federal government under the Federal Tort Claims Act for injuries that "arise out of or in the course
of activity incident to service." 340 U.S. at 146. The Court later explained that its holding in Feres
was based on concern for the "peculiar and special relationship of the soldier to his superiors, the
effects of the maintenance of such suits on discipline, and the extreme results that might obtain if
suits under the Tort Claims Act were allowed for negligent orders given or negligent acts committed
in the course of military duty." United States v. Brown, 348 U.S. 110, 112 (1954). 

 The Supreme Court later expanded the Feres doctrine to claims for injuries sustained
as a result of constitutional violations. See Chappell, 462 U.S. at 305. In Chappell, the Court held
that military personnel may not pursue a Bivens-type (2) action for damages against their superior
officers as a means to redress constitutional violations. Id. The Court reasoned that "the unique
disciplinary structure of the Military Establishment and Congress' activity in the field constitute
'special factors' which dictate that it would be inappropriate to provide enlisted military personnel
a Bivens-type remedy against their superior officers." Id. at 304.

 While the Supreme Court has not held that military personnel are barred from all
redress in civilian courts for constitutional wrongs suffered in the course of military service, the
"special relationships that define military life have 'supported the military establishment's broad
power to deal with its own personnel'" instead of involving civilian courts in such decisions. Id. at
305. "[T]he permissible range of lawsuits by present or former servicemen against their superior
officers is, at the very least, narrowly circumscribed." Crawford, 794 F.2d at 1035. In particular,
due process claims by servicemen against their superiors are among the type of lawsuits that must
be looked upon suspiciously because "due process claims . . . invite judicial second-guessing of
military actions and tend to overlap the remedial structure created within each service." Id. at 1036. 
The Supreme Court has thus mandated that "[c]ivilian courts must, at the least, hesitate long before
entertaining a suit which asks the court to tamper with the established relationship between enlisted
military personnel and their superior officers; that relationship is at the heart of the necessarily
unique structure of the Military Establishment." Chappell, 462 U.S. at 300; Newth, 883 S.W.2d at
357.

 Because National Guard members serve in a branch of the federal military service,
decisions regarding the regular military service are relevant in determining the proper scope of
judicial inquiry into claims forwarded by Guard members. Holdiness, 808 F.2d at 422. This Court
previously addressed the issue of justiciability of claims brought under state law by a member and
employee of the Texas National Guard. Newth, 883 S.W.2d 356. Following federal precedent, we
determined in Newth that judicial review of a claim under the Texas Whistleblower Act would
constitute no less an unwarranted intrusion into military personnel structure than the entertainment
of Bivens-actions or claims brought under the Federal Tort Claims Act or the federal whistleblower
statute. Id. at 360. State law claims, we concluded, would undermine military decision-making as
surely as federal claims held to be nonjusticiable. Id. Thus, we held that an employee and member
of the Texas National Guard was precluded from maintaining an action for alleged retaliation and
discrimination against the Texas Adjutant General's Department and the Executive Department of
the State of Texas because such claims were nonjusticiable. Id.

 This Court also addressed parallel federal precedent, which has declined to hold that
military personnel are barred from all redress in civilian courts for wrongs suffered in the course of
military service, when we recognized that narrow circumstances do exist in which civilian courts
may intervene in military decision-making. See Cole v. Texas Army Nat'l Guard, 909 S.W.2d 535
(Tex. App.--Austin 1995, writ denied). In Cole, we engaged in judicial review of a National Guard
member's complaint against the Texas Army National Guard and the Adjutant General, and held that
the Adjutant General acted outside his authority in discharging an officer "for cause" based on an
administrative regulation, where the National Guard failed to convene either a court martial or an
efficiency board. Id. at 539-40. We noted that judicial intervention in that case was available for
a narrow and unique situation, "to prevent executive officers of government from causing injury by
administrative actions taken by them in excess of their authority." Id. at 538. We find Cole
inapposite to the case before us. Whereas we noted in Cole that "[n]othing in the text of [the
relevant Army Guard regulation] gives the Adjutant General an express power to discharge for cause
determined by him alone and without a hearing," id. at 539 (emphasis added), in deciding Amos's
service status, the Department here convened an efficiency board and held a hearing lasting over the
course of three days. 

 Amos's claim is based upon a challenge to the manner in which his supervising
officers, particularly Adjutant General James, convened and conducted the efficiency board hearing. 
In convening the efficiency board in the manner in which it did, Amos argues, the Department
deprived him of his commission as an officer in the Texas National Guard without due process of
law. The official decision to discharge a member of the National Guard, however, is precisely the
type of military decision civilian courts have refrained from reviewing under Feres and its progeny. 
Permitting such legal action would require commanding officers to stand prepared to convince a
civilian court of the wisdom of a wide range of military and disciplinary decisions such as whether
to overlook a particular incident or episode and whether to discharge a serviceman. See United
States. v. Shearer, 473 U.S. 52, 58 (1985). To review a claim that the efficiency board violated due
process in recommending that Amos be discharged would invite judicial oversight of the
Department's actions; courts have sought to avoid this type of review. See Crawford, 794 F.2d at
1036. 



Judges are not given the task of running the Army. The responsibility for setting up
channels through which . . . grievances can be considered and fairly settled rests upon
Congress and upon the President of the United States and his subordinates. The
military constitutes a specialized community governed by a separate discipline from
that of the civilian. Orderly government requires that the judiciary be as scrupulous
not to interfere with legitimate Army matters as the Army must be scrupulous not to
intervene in judicial matters.



Chappell, 462 U.S. at 301 (citing Orloff v. Willoughby, 345 U.S. 83, 93-94 (1953)). 

 Further, we note that Amos failed to exhaust available intra-service remedies by not
appealing to the Air Force Board for Correction of Military Records ("AFBCMR"). The AFBCMR
provides aggrieved members of the military a means to correct an error or remove an injustice from
their military records, restore lost rank, and recover for the loss of pay, allowances, compensation,
emoluments, or other pecuniary benefits. 10 U.S.C.A. § 1552 (West 1998 & Supp. 2000); Chappell,
462 U.S. at 303. Amos's claims for injuries resulting from the convening of the efficiency board
could have initially been decided by the AFCMBR; if dissatisfied with the result, Amos could then
have sought judicial review of the AFBCMR's decision. Chappell, 462 U.S. at 303; Holdiness, 808
F.2d at 426.


CONCLUSION

 Because we determine that Amos's claims are nonjusticiable, we sustain the
Department's second issue and hold that the trial court erred in finding that Amos's claims regarding
his dismissal from the Texas Air National Guard were justiciable. Based on our disposition of the
Department's second point of error, we need not address either the Department's remaining points
of error or Amos's grounds offered for affirming the trial court's judgment. See Tex. R. App. P.
47.1. Accordingly, we vacate the judgment of the trial court and dismiss the cause for lack of subject
matter jurisdiction.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Judgment Vacated and Cause Dismissed 

Filed: June 29, 2001

Publish

1. Under the National Guard Technician's Act of 1968, a civilian technician must be dismissed
if he is no longer a military member of the National Guard. 32 U.S.C.A. §§ 709(b), (e)(1) (West
Supp. 2000); Tennessee v. Dunlap, 426 U.S. 312, 313 (1976). 
2. In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397
(1971), the Supreme Court established the proposition that victims of constitutional violations
perpetrated by a federal official may sue the official for damages in federal court despite the absence
of explicit statutory authorization for such a suit. 


ation] gives the Adjutant General an express power to discharge for cause
determined by him alone and without a hearing," id. at 539 (emphasis added), in deciding Amos's
service status, the Department here convened an efficiency board and held a hearing lasting over the
course of three days. 

 Amos's claim is based upon a challenge to the manner in which his supervising
officers, particularly Adjutant General James, convened and conducted the efficiency board hearing. 
In convening the efficiency board in the manner in which it did, Amos argues, the Department
deprived him of his commission as an officer in the Texas National Guard without due process of
law. The official decision to discharge a member of the National Guard, however, is precisely the
type of military decision civilian courts have refrained from reviewing under Feres and its progeny. 
Permitting such legal action would require commanding officers to stand prepared to convince a
civilian court of the wisdom of a wide range of military and disciplinary decisions such as whether
to overlook a particular incident or episode and whether to discharge a serviceman. See United
States. v. Shearer, 473 U.S. 52, 58 (1985). To review a claim that the efficiency board violated due
process in recommending that Amos be discharged would invite judicial oversight of the
Department's actions; courts have sought to avoid this type of review. See Crawford, 794 F.2d at
1036. 



Judges are not given the task of running the Army. The responsibility for setting up
channels through which . . . grievances can be considered and fairly settled rests upon
Congress and upon the President of the United States and his subordinates. The
military constitutes a specialized community governed by a separate discipline from
that of the civilian. Orderly government requires that the judiciary be as scrupulous
not to interfere with legitimate Army matters as the Army must be scrupulous not to
intervene in judicial matters.



Chappell, 462 U.S. at 301 (citing Orloff v. Willoughby, 345 U.S. 83, 93-94 (1953)). 

 Further, we note that Amos failed to exhaust available intra-service remedies by not
appealing to the Air Force Board for Correction of Military Records ("AFBCMR"). The AFBCMR
provides aggrieved members of the military a means to correct an error or remove an injustice from
their military records, restore lost rank, and recover for the loss of pay, allowances, compensation,
emoluments, or other pecuniary benefits. 10 U.S.C.A. § 1552 (West 1998 & Supp. 2000); Chappell,
462 U.S. at 303. Amos's claims for injuries resulting from the convening of the efficiency board
could have initially been decided by the AFCMBR; if dissatisfied with the result, Amos could then
have sought judicial review of the AFBCMR's decision. Chappell, 462 U.S. at 303; Holdiness, 808
F.2d at 426.


CONCLUSION

 Because we determine that Amos's claims are nonjusticiable, we sustain the
Department's second issue and hold that the trial court erred in finding that Amos's claims regarding
his dismissal from the Texas Air National Guard were justiciable. Based on our disposition of the
Department's second point of error, we need not address either the Department's remaining points
of error or Amos's grounds offered for affirming the trial court's judgment. See Tex. R. App. P.
47.1. Accordingly, we vacate the judgment of the trial court and dismiss the cause for lack of subject
matter jurisdiction.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Judgment Vacated and Cause Dismissed 

Filed: June 29, 2001

Publish

1. Under the National Guard Technician's Act of 1968, a civilian technician must be dismissed
if he is no longer a military member of the National Guard. 32 U.S.C.A. §§ 709(b), (e)(1) (West
Supp. 2000); Tennessee v. Dunlap, 426 U.S. 312, 313 (1976). 
2. In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397
(1971), the Supreme Court established the proposition that victims of constitutional violations
perpetrated by a federal official may sue the official for damages in federal court despite the absence
of explicit statutory authorization for such a suit.