*999 Plaintiffs bring this action for reinstatement, back pay, allowances, benefits and other damages arising out of the alleged wrongful termination of employment as civilian (federal) technicians and involuntary retirement from the Washington State National Guard. Défen'dant has brought a motion for summary judgment which plaintiffs oppose. For the reasons stated, defendant’s motion is granted.
Plaintiffs were all longtime officérs in the National Guard (ng) who also held positions as civilian "technicians” in the Guard. Over the course of their military careers, plaintiffs Christoffersen, Main, and Warn were promoted to the grade of lieutenant colonel, Gibson to the grade of colonel. In July 1978, each plaintiff was considered pursuant to Air National Guard Regulation (angr) 36-06 for selective retention, having accumulated over 20 years of service qualifying for retirement pay. angr 36-06 was issued in furtherance of the policy of "vitalization” of the Air ng, which is "essential to avoid loss of combat readiness in a maturing force. Lack of promotion possibility and stagnation in the senior grades preclude providing for progression of qualified officers into positions of greater responsibility at the proper phase-points of their careers.” angr 36-06, ¶2 (October 7,1977). In order to administer this policy, an advisory vitalization board performs an annual review of all officers with over 20 years of qualifying service. Recommendations of the board are forwarded to the State Adjutant General (ag). Plaintiffs were all reviewed by the board, and in each case plaintiff was recommended for retention in the ng. The ag, however, decided against retention, and notified each plaintiff in writing of his decision. Nowhere in the record is there any statement or evidence that plaintiffs had not satisfactorily performed their duties as either guardsmen or technicians. Plaintiffs Christoffersen, Gibson, and Main were honorably discharged from their military positions in September 1978, Warn in October 1978. Plaintiffs’ civilian technician positions, under 32 U.S.C. §709 (1976), are predicated upon active military status in the NG.[1] Accordingly, plaintiffs *1000 were terminated from their technician positions upon their dismissal from their military positions. After their involuntary separation from their concurrent positions, plaintiffs were transferred to the inactive U.S. Air Force Reserve, as required by angr 36-06, jfllc. Plaintiffs filed suit in this court on September 16,1980.
Plaintiffs allege that they are entitled to relief in this court on the basis of five claims: (1) plaintiffs’ nonretention was arbitrary and capricious and in violation of applicable regulations, all in violation of the due process rights of plaintiffs; (2) plaintiffs’ dismissal by the ag was justified on the basis of (then) Governor Ray’s desire for a change in the mid-level management of the Air ng, in violation of regulations and due process; (3) the National Guard Bureau, by failing to sufficiently investigate or reconsider the matter or give plaintiffs an opportunity for continuation as technicians until age 60, deprived plaintiffs of their property rights without due process; (4) plaintiffs were denied their statutory and regulatory appeal rights in violation of due process; and (5) dismissal of the plaintiffs was a subterfuge instigated by the ag and Governor Ray in order to promote more politically acceptable individuals, in violation of plaintiffs’ First Amendment rights to free speech and association, and an improper objective of Air Force regulations.
Defendant argues that even if plaintiffs’ allegations are correct (which defendant concedes only for the sake of argument), plaintiffs would still have no valid monetary claim against the United States. This court, therefore, would have no jurisdiction in this matter. Defendant argues that our recent decision in Gnagy v. United States, 225 Ct. Cl. 242, 634 F.2d 574 (1980), is dispositive of any claim within our jurisdiction. We agree that if plaintiffs cannot sufficiently differentiate their case from Gnagy, defendant is entitled to summary judgment.
The crucial issue to be decided here is whether any of the alleged wrongs involved in the plaintiffs’ dismissal constitute a proper action against the United States. For our purposes, the merits of any of plaintiffs’ claims are only relevant if their proof would result in a remedy within our jurisdiction. At the heart of this issue is the federal or state *1001 characterization of plaintiffs’ concurrent positions as military officers and civilian technicians. This is precisely the issue that this court resolved in Gnagy.
The issue decided in Gnagy was whether a military member of the ng, not in active federal service, is a federal "employee” for purposes of the Back Pay Act. 5 U.S.C. §5596 (1976). The plaintiff in Gnagy was a first sergeant in the California Army National Guard and also held the concurrent position of civilian technician. Plaintiff, after serving more than 20 years qualifying for military retirement, was considered for retention by a board set up under Army NG regulations similar to ANGR 36-06. Unlike the present case, in Gnagy the board recommended that plaintiff not be retained. Accordingly, plaintiff was given an honorable discharge from the military and his technician position was terminated pursuant to 32 U.S.C. §709(e)(l). Plaintiff claimed that his discharge was based upon a derogatory report which failed to abide by regulations and the board failed to consider information favorable to the plaintiff.
In Gnagy we held that a member of an ng unit not in active federal service is not a federal employee, in his military capacity, for purposes of the Back Pay Act. This court went on to say, "Rather, he is a state employee. We are aware of no federal constitutional provision, statute, or regulation which authorizes this court to award monetary relief to a wrongfully discharged state employee.” 225 Ct. Cl. at 250, n.19, 634 F.2d at 579 n.19. As to plaintiffs claim for recovery for loss of employment as a technician (admittedly a federal position),[2] this court held that no recovery was permitted under the Back Pay Act since the action was neither "unjustified or unwarranted”-rather, the loss of civilian employment was mandated by statute. 32 U.S.C. §709(e)(l). As a consequence of these holdings, the plaintiffs claims were dismissed without discussion of the underlying merits of the claims.
Plaintiffs argue that Gnagy is not applicable and therefore not a bar to their claims for relief. Plaintiffs point out *1002 that in Gnagy the plaintiff was not recommended for retention by the board. Here, plaintiffs were recommended for retention and were only discharged as a result of the allegedly illegal actions of the ag. Plaintiffs state that as officers, unlike Gnagy, they were entitled to certain procedures unavailable to an enlisted soldier. Plaintiffs argue that the ag’s actions present a "proximate factual question of a federal agent acting under color of a federal regulation” which creates a federal cause of action.
We do not believe that the facts and arguments presented here are sufficiently distinguishable from Gnagy to permit plaintiffs a trial on the merits. Plaintiffs’ attempts to distinguish Gnagy fail to come to grips with the underlying rationale of the decision-namely, plaintiffs in their military ng capacity are state, not federal, employees. As a consequence, all of the plaintiffs’ substantive claims relate to alleged wrongs to which this court has no jurisdiction. The basis of most of plaintiffs’ claims is the alleged wrongful dismissal by the ag. As this court pointed out in Gnagy, even if it is assumed that the ag is acting as a federal agent, plaintiffs are not federal employees, "Hence, the status of the commanding general [substantively the same position as the ag for this purpose] and his subordinates relative to the enlisted qualitative retention program does not impact on the issue whether plaintiffs former membership in the California Guard qualifies plaintiff as a federal employee for purposes of the Back Pay Act.” 225 Ct. Cl. at 247 n. 11, 634 F.2d at 577 n.11.
Plaintiffs cite numerous cases to support their position that they are entitled to relief in this court. However, in none of these cases was the plaintiff dismissed from his civilian technician position solely as a result of loss of ng military membership. In NeSmith v. Fulton, 615 F.2d 196 (5th Cir. 1980), plaintiff was initially dismissed from his technician position, not as a matter of law under 32 U.S.C. §709(e)(l). 615 F.2d at 200. In Athas v. United States, 220 Ct. Cl. 96, 597 F.2d 722 (1979), plaintiffs were civilian administrators in the Alaska Air ng who were not apprised of their right to appeal. The adverse personnel action was unrelated to. the issue of dismissal resulting from loss of military membership in the ng. Chaudoin v. Atkinson, 494 F.2d *1003 1323 (3d Cir. 1974), is similarly inapposite: the plaintiff was dismissed for cause relating to his (federal) civilian status. As this court stated in Gnagy, "There is no statute conferring federal employee status as an incident of membership in a National Guard unit not in active federal service. Hence, the facts underlying Chaudoin are different from the facts here and the holding in Chaudoin is unrelated to the issue here.” 225 Ct. Cl. at 247, 634 F.2d at 577. Plaintiffs have not cited any cases where a federal cause of action arose from the loss of a federal technician position due to operation of law under 32 U.S.C. §709(e)(l).
Plaintiffs argue that they had a "protected property interest” in their technician positions until acquisition of the maximum retirement annuity at age 55, and they were deprived of this right without due process of law. Plaintiffs base their claim on an alleged practice of the National Guard Bureau to grant "waivers” from mandated retirement. A similar claim was rejected in a Fifth Circuit case, Walker v. Alexander, 569 F.2d 291 (1978). There, the court noted that the U. S. Supreme Court has held that section 709(e)(1) forms a valid basis for termination of a technician’s employment without proof of "cause.” Tennessee v. Dunlap, 426 U.S. 312 (1976). In Walker, as in the present case, plaintiff was subject to "selective retention” regulations which create no expectation of future employment once a serviceman reaches the requisite number of years of qualifying service. The court therefore concluded that the plaintiff "had no property right in his retention as a commissioned officer in the Florida National Guard.” 569 F.2d at 294.
Plaintiffs rely on Bollen v. National Guard Bureau, 449 F.Supp. 343 (W.D. Pa. 1978), where a district court found a property interest in continued military employment as a result of a letter by the Chief of the National Guard Bureau. This letter contained a "one time list” of officers who were to be retained until age 60 provided they remained fully qualified for their military positions and properly performed their technician jobs. 449 F.Supp. at 350. However, plaintiffs do not allege that they were included in this list. Furthermore, the court in Bollen did *1004 not address the issue of a technician who is dismissed pursuant to 32 U.S.C. §709(e)(l).
Plaintiffs claim that they were improperly denied a right of appeal from the termination of their technician positions. But plaintiffs can point to no applicable statute or regulation which confers a right of administrative appeal where the termination results from the loss of military status. The appeal rights contained in Technician Personnel Manual (tpm) 700 specifically state that its provisions do not apply where the technician is separated due to loss of military membership (where required as a condition of employment), tpm 700, Chapter 753.1-l(b)(2). As mentioned earlier, the Supreme Court has held that dismissal under 32 U.S.C. §709(e)(l) is not a "for cause” action, so no due process violation resulted where a request for a hearing was denied. Tennessee v. Dunlap, supra.
In the final analysis, there is no theory available to plaintiffs which would permit recovery in this court consistent with our holding in Gnagy. As in Gnagy, plaintiffs were terminated from their technician positions due to the loss of their military positions in the ng. Such termination was mandated by statute. 32 U.S.C. §709(e)(l). Any claim of illegality resulting from plaintiffs’ termination, therefore, must by necessity turn on plaintiffs’ loss of their military ng positions. Since we have previously stated that a military member of the ng, not in active federal service, is a state employee, plaintiffs have no basis for recovery of monetary damages against the United States in these circumstances. Even if it can be shown that plaintiffs’ dismissal from the ng was improper, such an action would not properly be before this court.
it is therefore ordered, upon consideration of defendant’s motion for summary judgment and plaintiffs’ opposition thereto, without oral argument, that plaintiffs have failed to state a claim upon which relief can be granted. The motion is granted and the petition is dismissed.
*1005 August 20,1982

 32 U.S.C. §709(e)(l) states that a technician "who is separated from the National Guard or ceases to hold the military grade specified for his position * * * shall be promptly separated from his technician employment * * See also section 709(b).

 32 U.S.C. §709(d) states that "A technician * * * is an employee of the Department of the Army or the Department of the Air Force, as the case may be, and an employee of the United States.”