**Robert R. AUBE, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 433–87C.

United States Claims Court.

Feb. 20, 1992.

Susan P. Herman, Lewiston, Me., for plaintiff.

John S. Groat, with whom were Thomas W. Petersen, Asst. Director, David M. Cohen, Director, Commercial Litigation Branch, and Stuart M. Gerson, Asst. Atty. Gen., U.S. Dept. of Justice, Washington, D.C., for defendant. Captain W. Renn Gade, Dept. of Army, of counsel.

## OPINION

SMITH, Chief Judge.

This is a military back pay case. Plaintiff is seeking back pay and allowances following his separation from the Maine National Guard by reason of a determination that he was physically disabled. After the case was remanded to the Department of the Army and after a review by the Army Board for Correction of Military Records, the Board awarded plaintiff minimum service credit for the award of retirement points between 1986 and 1989, but denied his application for back pay and allowances.

This case comes before the court on the defendant's motion to dismiss. After careful examination of the pleadings and the relevant case law, and after hearing oral argument, the court grants defendant's motion.

## FACTS

Plaintiff served in the military in excess of twenty years, most recently serving with the Maine National Guard (Guard) from 1973 to 1986. While on annual training in 1984, plaintiff was hospitalized for what was then thought to be a heart attack. This was determined not to be in the line of duty, due to a diseased condition existing prior to service. In 1985, he was again hospitalized while on annual training, and the same conclusion was reached. Effective August 15, 1986, plaintiff was separated from the Guard and transferred to the Retired Reserve. Plaintiff was, at that time, age 50.

Plaintiff originally filed his complaint in the United States Claims Court on July 20, 1987. The case was remanded to the Department of the Army for a determination of whether plaintiff's disability occurred in the line of duty. In April 1988, the Department changed the classification of the two events to "in the line of duty." After that

determination was made, plaintiff underwent disability processing. In March 1989, a physical evaluation board determined that plaintiff was physically unfit for further service and recommended that he not receive disability benefits. In May 1989, a revised physical evaluation board determined that plaintiff was physically fit at the time of his separation in 1986, and is now physically fit for the performance of duties in a reasonable manner. As of May 19, 1989, plaintiff was entitled to apply for transfer to active status; he has not done so.

Based on the revised physical evaluation board decision, on September 15, 1989, plaintiff filed his application for correction of military records. On February 27, 1991, the Board for Correction of Military Records of the Department of the Army found that plaintiff was fit for duty when he was separated from the Guard and awarded him minimum service credit for award of retirement points for the period between August 15, 1986 and May 19, 1989. However, the Board did not award plaintiff back pay or fringe benefits. On June 11, 1991, plaintiff filed its amended complaint. Defendant's motion to dismiss was filed on July 10, 1991.

## DISCUSSION

In support of its motion to dismiss, the government argues that plaintiff has failed to state a claim upon which relief can be granted for two reasons: 1) the Claims Court does not have jurisdiction over members of a state National Guard; and 2) plaintiff is not entitled to receive back pay for duties that have not been performed.[1]

### Nature of National Guard Employment

■ The court's jurisdiction to hear military back pay claims is derived from the Tucker Act, 28 U.S.C. § 1491. Although the Tucker Act does not provide a substantive right to back pay, the Back Pay Act, 5

U.S.C. § 5596,[2] authorizes claims against the United States by employees who have suffered unjust personnel actions. Only federal employees, not state employees, may invoke this court's jurisdiction to hear wrongful discharge claims under the Back Pay Act. *See Gnagy v. United States*, 634 F.2d 574, 225 Ct.Cl. 242, 245 (1980).

Defendant relies on *Gnagy*, 634 F.2d 574, 225 Ct.Cl. 242, and *Christoffersen v. United States*, 230 Ct.Cl. 998 (1982), to support its position that the Claims Court does not have jurisdiction over a complaint by Guard members not ordered to perform active federal service, because Guard members are state, not federal, employees.

In *Gnagy*, plaintiff was a member of the California Army National Guard as well as a civilian technician for the Guard. He was discharged from the Guard based on a recommendation by the enlisted qualitative retention board, and with the approval of the commanding general. Subsequently, his employment as a civilian technician was also terminated because membership in the Guard was a prerequisite to that employment. The court found that plaintiff would only be entitled to back pay if he could be classified as a federal employee. The court held that

> a member of a National Guard unit not in active federal service is not, insofar as his military capacity with the Guard is concerned, a federal employee for purposes of the Back Pay Act.[19]

---

[19] Rather he is a state employee....

634 F.2d 574, 225 Ct.Cl. at 250 & n. 19. Therefore, the court concluded that plaintiff was not entitled to back pay.

In *Christoffersen*, the four plaintiffs were officers in the Washington State Air National Guard who also held civilian technician positions in the Guard. Relying on *Gnagy*, the court concluded that the plaintiffs were state, not federal, employees,

---

1. Because the court grants the defendant's motion to dismiss on the ground that the Claims Court does not possess jurisdiction over state National Guard members, it is not necessary to reach the defendant's alternative argument.

2. Although plaintiff's amended complaint does not specifically rely on the Back Pay Act, the court notes that the case law relied upon by the parties does address this statute.

354

and that, therefore, the court did not have jurisdiction. 230 Ct.Cl. at 1002. The court noted that, even if the commanding general is a federal agent, his actions over the plaintiffs do not make the plaintiffs federal employees for jurisdiction purposes. *Id.*

Clearly, these cases are compelling. However, plaintiff relies on *Dehne v. United States*, 23 Cl.Ct. 606 (1991), *appeal docketed*, No. 92–5024 (Fed.Cir. Nov. 27, 1991), and *Yount v. United States*, 23 Cl. Ct. 372 (1991),[3] both of which distinguish *Gnagy* and *Christoffersen*. In *Dehne*, the plaintiff was removed from active status with the Nevada Air National Guard and transferred to the Retired Reserve Section. Plaintiff's appeal to the Air Force Board for the Correction of Military Records was initially denied, but later substantially granted. The Board corrected plaintiff's records and added membership points. In addition, the government offered plaintiff back pay which plaintiff refused alleging that it had been calculated improperly. The Claims Court considered plaintiff's resulting monetary claim, and concluded that the court had jurisdiction. The court noted that both *Gnagy* and *Christoffersen* involved plaintiffs who held both military and civilian positions with the Guard. According to the *Dehne* court, it was the fact that the plaintiffs were civilian employees that allowed the Court of Claims in *Gnagy* and *Christoffersen* to determine it did not possess jurisdiction. In contrast, the *Dehne* court reasoned that, where the plaintiff is strictly in a military position, the court could exercise jurisdiction. 23 Cl.Ct. at 612.

*Dehne*, recently decided, appears to be inconsistent with prior case law on the subject. This court does not find that the factors relied on by the court in *Dehne* distinguish the prior case law. This court believes that the court in *Gnagy* focused on plaintiff's military capacity, not his civilian capacity, when it concluded that the

court did not possess jurisdiction. The fact that the plaintiff was also a civilian employee was not a significant factor in the court's analysis. Therefore, this court is bound by the Court of Claims decisions in *Gnagy* and *Christoffersen*.

*Action Taken by the Corrections Board*

■ Plaintiff in this case argues, again relying on *Dehne*, that this court has jurisdiction because the corrections board exercised jurisdiction and corrected the plaintiff's military records. In *Dehne*, the court stated:

The fact that the [Board] entertained plaintiff's appeals and issued decisions in itself refutes defendant's claim that plaintiff is not a Federal employee. It also vests [the Claims Court] with subject matter jurisdiction. *Mitchell v. United States*, 930 F.2d 893, 896 (Fed. Cir.1991). 'The fact that this court has jurisdiction to review actions of military correction boards is not disputable.' *Armstrong v. United States*, 205 Ct.Cl. 754, 761 (1974) (citing *Herzog v. United States*, 167 Ct.Cl. 377, 383–84 (1964)).

23 Cl.Ct. at 612. According to the view in *Dehne*, where a corrections board decision is at issue, this court would possess jurisdiction. Under many statutory administrative review schemes, this view would be correct. However, prior decisions of the Court of Claims and the Federal Circuit illustrate that this court's jurisdiction is not coextensive with that of a corrections board. *See, e.g., Reale v. United States*, 529 F.2d 533, 208 Ct.Cl. 1010, 1013 (1976) (Court of Claims does not function as a "super Correction Board," but may only "make the relief complete as to matters within [the court's] jurisdiction"); *Voge v. United States*, 844 F.2d 776, 782 (Fed.Cir.) ("board action on non-monetary claims does not enlarge the jurisdiction of [the Claims Court] to entertain [those claims]"), *cert. denied*, 488 U.S. 941, 109 S.Ct. 365, 102

**3.** In *Yount*, the court decided to exercise jurisdiction over plaintiff, even though plaintiff was a member of the National Guard. However, that case can be distinguished from the case at issue here because in *Yount*, defendant conceded that plaintiff was a federal employee at

the time of his injury, 23 Cl.Ct. at 378 n. 6; presumably, he was in "active federal service" at the time of his injury, which would allow him to be classified as a federal employee for jurisdictional purposes.

L.Ed.2d 355 (1988). This court thus must reject plaintiff's contention that action by the corrections board confers jurisdiction here.

In addition, the court notes that *Dehne* conflicts with other decisions of this court. In *Wright v. United States*, 19 Cl.Ct. 779 (1990), plaintiff was a member of the Mississippi Air National Guard. Plaintiff claimed that he was improperly demoted, and initially applied to the corrections board for correction of his military record and back pay. That application was denied. Plaintiff then sued in this court. The *Wright* court found that, because "membership in the National Guard constitutes state, not federal employment," 19 Cl.Ct. at 784, this court did not possess jurisdiction. *Wright* relied upon the Supreme Court case of *Maryland v. United States*, 381 U.S. 41, 85 S.Ct. 1293, 14 L.Ed.2d 205, *vacated*, 382 U.S. 159, 86 S.Ct. 305, 15 L.Ed.2d 227 (1965), as well as prior Court of Claims precedent. In *Maryland*, the Supreme Court stated:

> It is not argued here that military members of the Guard are federal employees, even though they are paid with federal funds and must conform to strict federal requirements in order to satisfy training and promotion standards. Their appointment by state authorities and the immediate control exercised over them by the States make it apparent that military members of the Guard are employees of the States, and so the courts of appeals have uniformly held.

*Maryland*, 381 U.S. at 48, 85 S.Ct. at 1298 (citations omitted).

The court notes a possible distinction between *Dehne* and *Wright*. *Dehne* suggests that this court has jurisdiction over state National Guard members if the corrections board corrects the plaintiff's military records; in contrast, *Wright* suggests that this court does not have jurisdiction over state National Guard members if the corrections board denies plaintiff's application for correction of military records. This distinction on the merits alone, however, should not determine whether the court has jurisdiction. Rather, jurisdiction is determined by the type of relief the corrections board is giving and whether it is giving such relief to federal or state employees. Further, it should be noted that the corrections boards have a discretionary and equitable, as well as a legal, function. Where the relief is based upon a claim of right, the court must grant review whether partial or no relief is given. Where the corrections board is providing relief as an act of discretion, equity, or because it's the right thing to do, it is not a matter for courts to second guess. In addition, the courts have no jurisdictional basis for such review.

### CONCLUSION

For the reasons set forth above, the court grants defendant's motion to dismiss. Each side to bear its own costs.

IT IS SO ORDERED.