**Stanley M. HASSLER, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 94–277C.**

United States Court of Federal Claims.

Jan. 24, 1996.

Charles C. McConnell, Louisville, KY, for plaintiff.

R. Alan Miller, Washington, D.C., with whom were Assistant Attorney General Frank W. Hunger, Director David M. Cohen and Assistant Director James M. Kinsella, for defendant. Maj. Carla Walgenbach, Department of the Air Force, of counsel.

## ORDER

LYDON, Senior Judge:

This military pay case is before the court on defendant's motion to dismiss plaintiff's third amended complaint pursuant to RCFC 12(b)(1) and (4) for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.[1] Upon consideration of the submissions of the parties and oral argument, the court concludes that plaintiff's complaint, as amended, must be dismissed.

## FACTS

Plaintiff, Stanley M. Hassler, was a member of the Kentucky Air National Guard (KYANG) and a Reserve in the Air Force of the United States from October 27, 1972 until March 9, 1991.[2] From May 30, 1982 until April 15, 1991, plaintiff was employed full-time with the 123rd Consolidated Aircraft Maintenance Squadron, Standiford Field, Louisville, Kentucky as an Air National Guard technician and was a civilian employee of the Department of the Air Force pursuant to the National Guard Technician Act. See 32 U.S.C. § 709 (1988).

In early December 1990, plaintiff applied for a one-year extension of his enlistment in the KYANG and as a Reserve of the Air Force of the United States (Reserves) which was due to expire on March 9, 1991. Ostensibly, plaintiff's request was initially approved on January 11, 1991 by Unit Com-

---

1. At oral argument, plaintiff was permitted to file a third amended complaint. In his third amended complaint plaintiff continues to seek a basis on which the court can address the merits of his discharge from the Kentucky Air National Guard. Plaintiff, ostensibly, has withdrawn his claim that the termination of his employment as a federal civilian technician was arbitrary, capricious, and without cause in violation of 32 U.S.C. § 709.

2. Defendant asserts in its Motion to Dismiss that plaintiff commenced service on November 15, 1972. Plaintiff's third amended complaint avers he commenced service on October 27, 1972. This discrepancy is of no consequence to the disposition of the present motion.

mander Gary W. Logan, but was later denied on January 30, 1991, by Unit Commander Logan because of "unsatisfactory performance."[3]

On January 31, 1991, one day after plaintiff's request for extension was denied, plaintiff voluntarily enrolled in an alcohol rehabilitation program at Charter Hospital in Louisville, Kentucky. Plaintiff successfully completed this program in late February 1991. By special order dated February 1, 1991 plaintiff was honorably discharged from the KYANG and as a Reserve in the Air Force, effective March 9, 1991, under the authority of Air National Guard Regulation (ANGR) 39–10, ch. 2, ¶ 2–4a(2).[4] Plaintiff had accumulated eighteen years, nine months and twenty-four days of active service and had achieved the grade of technical sergeant.

A March 6, 1991 letter signed by KYANG Brigadier General John L. Smith indicates

3. The noted approval date of January 11, 1991, was proffered by plaintiff and is based on a document that appears to be a work sheet or preliminary notice attached to his brief that indicates he requested "reenlistment." Both parties seem to agree that he sought a one year extension and not a reenlistment, and it was his request for a one year extension of his enlistment that was denied.

4. Air National Guard Regulation 39–10, ¶ 2–4, Expiration Term of Service, provides that:

An airman who is separated/discharged for expiration of term of service and:
a(2) Who does not possess an MSO [Military Service Obligation] or has less than 120 days remaining on his/her MSO will be separated from the Air National Guard and concurrently discharged as a Reserve of the Air Force, unless he/she requests otherwise in writing.

5. This letter does not identify the ineligibility classification from ANGR 39–09, Table 5–1. However, a March 2, 1991 letter signed by KYANG Colonel Austin P. Snyder, Deputy Commander for Maintenance, states the following:

1. In accordance with ANGR 39–09, Chapter 5, Table 5–1, I request that Technical Sergeant Stanley M. Hassler not be permitted to extend his current enlistment or permitted to reenlist in the Kentucky Air National Guard or as a Reserve of the Air Force. My reason for this recommendation is Table 5–1, specifically, line 7. Technical Sergeant Hassler is a diagnosed alcoholic. His alcoholism has substantially

that plaintiff's request for an extension was denied because:

Technical Sergeant Stanley M. Hassler ... 123d Consolidated Aircraft Maintenance Squadron, has been identified as ineligible for reenlistment or extension in accordance with table 5–1, ANGR 39–09.[5]

Effective April 15, 1991, plaintiff's employment as an Air National Guard technician was terminated due to his separation from the KYANG, as mandated by statute and regulation. 32 U.S.C. § 709; Technician Personnel Reg. (TPR) §§ 300 ch. 302.7, 715.[6] Section 709 of Title 32 includes the following provisions:

(b) Except as prescribed by the Secretary concerned, a technician ... shall, while so employed, be a member of the National Guard....

\* \* \* \* \* \*

(e)(1) a technician who is employed in a position in which National Guard mem-

impaired his ability to perform his military duties.
2. Technical Sergeant Hassler holds AFSC 45772 and is assigned duties as a Crew Chief, more specifically identified as a "Airlift Aircraft Maintenance Technician". His primary responsibility is the safety of his assigned aircraft, insuring that military property and flight personnel are not endangered. He has been decertified from performing portions of the duties required of a Airlift Aircraft Maintenance Technician/Crew Chief.
3. In addition to those specific incidences of alcohol related misconduct referenced in my letters of 30 Jan 91, the records of the Jefferson County, Kentucky Civil Court System reveal that Sergeant Hassler has been convicted by a civilian court for driving while intoxicated. During this enlistment his alcoholism has resulted in numerous documented incidences of misconduct which cause me to question his continued ability to insure the safety of military property and personnel.

6. The TPR provides that, "[u]nless otherwise excepted, all technicians must continue to maintain proper military membership (to include grade and branch of service) for the position occupied." TPR § 302.7, ¶ 7–10b. The TPR notes that: "[f]ederal law requires excepted service personnel to maintain membership in the National Guard as a condition of continued employment and requires prompt termination upon loss of membership in the Active Army or Air National Guard." TPR § 715, ch. 2–1, ¶ a. (footnote omitted).

bership is required as a condition of employment and who is separated from the National Guard ... shall be promptly separated from his technician employment....

\*   \*   \*   \*   \*   \*

(e)(3) a technician may, at any time, be separated from his technician employment for cause....

Plaintiff, in his third amended complaint, makes the following allegations: (1) he was wrongfully separated from the KYANG and the Reserve "in violation of the procedural requirements of Air National Guard regulations, including those regulations identified in [ANGR 39–10 and ANGR 30–2] in violation of plaintiff's right to due process of law"; (2) defendant's denial of a twelve-month extension of enlistment and subsequent discharge from the Air National Guard was arbitrary, capricious, or in bad faith, and "in violation of applicable regulations procedures of a substantive nature....";[7] and (3) if plaintiff was in fact ineligible for reenlistment, the "defendant's failure to follow its own regulations was the proximate cause for such ineligibility cause."

Plaintiff seeks reinstatement to the position he held in the KYANG and Reserves, and reinstatement to the position he held as a National Guard technician, with commensurate back pay and allowances.

## DISCUSSION

■ In evaluating defendant's motion to dismiss under Rule 12(b)(1) this court must construe all allegations of fact to the favor of the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 747 (Fed.Cir.1988); *Maniere v. United States,* 31 Fed.Cl. 410 (1994). A motion pursuant to RCFC 12(b)(4) requires denial by this court "unless it appears

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

■ The Tucker Act provides that, "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department...." 28 U.S.C. § 1491(a)(1) (1988 & Supp. V 1993). To invoke jurisdiction under the Tucker Act, plaintiff must show that the particular provision upon which he brings the action "confer[s] a substantive right to recover money damages from the United States...." *United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976); *see Eastport S.S. Corp. v. United States,* 178 Ct.Cl. 599, 605, 372 F.2d 1002, 1007 (1967) (holding that claims brought under Tucker Act, expressly or impliedly, must seek money damages). The statute further provides that "the court shall have exclusive jurisdiction to grant declaratory judgments and such equitable and extraordinary relief as it deems proper...." 28 U.S.C. § 1491(a)(3). This court may only grant equitable relief if it is collateral to a money judgment. *See Skinner v. United States,* 219 Ct.Cl. 322, 333–34, 594 F.2d 824, 829 (1979). Therefore, absent a money mandating statute this court lacks the power to void plaintiff's discharge, or to order his reinstatement. *Sanford v. United States,* 32 Fed.Cl. 363 (1994).

■ Plaintiff asserts that the court has jurisdiction pursuant to:

28 U.S.C. § 1491 in that plaintiff's claim against the defendant is founded upon Amendment V to the United States Constitution; on 37 U.S.C. § 206; 32 U.S.C. § 709; and regulations promulgated by the Secretary of the Air Force.

---

7. Plaintiff, apparently, is referring to his commander's decision to deny his request for an extension because plaintiff was deemed an alcoholic, and therefore, ineligible for reenlistment or extension pursuant to Table 5–1 of ANGR 39–09. Table 5–1, entitled "Explanation/Determination Guidelines," provides that those persons known to be alcoholics who are in a rehabilitation pro-

gram may, after requesting a waiver, be eligible for reenlistment. Plaintiff, as noted in the main text, entered an alcohol rehabilitation program the day *after* his request for extension was denied. At oral argument, plaintiff's counsel disputed that plaintiff was a "diagnosed alcoholic" but admitted that plaintiff was a "problem drinker."

Because plaintiff's claim is founded upon an alleged improper application of ANG regulations and statutory provisions, it is within this court's jurisdiction.[8] Plaintiff, nevertheless, has no right to the relief he seeks.

The issue before the court involves plaintiff's separation from his state position in the KYANG allegedly in violation of statutory provisions, regulations of the Air National Guard, and that such action was arbitrary, capricious, or in bad faith.

## I

### Plaintiff's Separation from the KYANG.

Plaintiff, quite correctly, argues that the ultimate issue in this case is whether this court has a right to review the decision of the KYANG in denying Plaintiff an extension of his enlistment. Plaintiff alleges that he had, "under the practices, policies and regulations of the Air National Guard, [ ] a reasonable expectation of continued enlistment in the [KYANG] and as a Reserve in the Air Force of the United States."

Defendant responds that this court lacks jurisdiction over plaintiff's claim that he was wrongfully discharged from his KYANG position. Defendant argues that plaintiff's military status as a member of a state National Guard, that is, a state employee, precludes this court from assuming jurisdiction to review the termination of his military status. *Christoffersen v. United States,* 230 Ct.Cl. 998, 1982 WL 25304; and *Aube v. United States,* 25 Cl.Ct. 351 (1992) (citing *Gnagy v. United States,* 225 Ct.Cl. 242, 634 F.2d 574 (1980)).

Plaintiff contends that the Federal Circuit's decision in *Dehne v. United States,* 970 F.2d 890 (Fed.Cir.1992) rendered moot *Christoffersen* and *Gnagy.* Plaintiff misreads *Dehne.* Dehne did not moot these decisions: it distinguished them on the

ground that in contrast to claims under the Back Pay Act, 5 U.S.C. § 5596 (1976), (*i.e.,* the situation in *Christoffersen* and *Gnagy* ) "[t]here is nothing in [37 U.S.C. § 206(a) (1988) ] that limits [its] application to employees of the U.S. government." *Dehne,* 970 F.2d at 892. Thus, *Dehne* does not abrogate the general rule, as set forth in *Christoffersen* and *Gnagy,* that this court does not possess jurisdiction to review a state National Guard member's claim for wrongful discharge. Rather, *Dehne* states that federal employee status is not a prerequisite for maintaining a Tucker Act claim based on 37 U.S.C. § 206(a). *Id.*

Plaintiff asserts in his Reply brief, for the first time, that his claim is based upon section 206(a). Section 206(a) provides for basic pay for members of the military not entitled to payment under the primary military pay statute, 37 U.S.C. § 204 (1988). Section 206(a) mandates compensation to a member of the National Guard or reserves under the following circumstances:

(a) Under regulations prescribed by the Secretary ... a member of the National Guard or a reserve component of a uniformed service who is not entitled to basic pay under section 204 of this title, is entitled to compensation ...

(1) for each regular period of instruction, or period of appropriate duty, at which the member is engaged for at least two hours, including that performed on a Sunday or Holiday;

(2) for the performance of such other equivalent training, instruction, duty, or appropriate duties, as the Secretary may prescribe; or

(3) for a regular period of instruction that the member is scheduled to perform but is unable to perform because of physical dis-

---

8. To the extent that plaintiff bases jurisdiction upon the due process clause of the Fifth Amendment, the court does not have jurisdiction to review his claim. It is well settled that violations of the due process clause generally do not obligate the United States to pay money damages. *J & L Janitorial Servs., Inc. v. United States,* 231 Ct.Cl. 837, 838 (1982). *Cf. Augenblick v. United States,* 180 Ct.Cl. 131, 377 F.2d 586 (1967), *rev'd*

*on other grounds,* 393 U.S. 348, 89 S.Ct. 528, 21 L.Ed.2d 537 (1969) (allowing collateral attack on a court-martial judgment through a back-pay suit alleging a "constitutional" defect in the military decision); *Swaaley v. United States,* 180 Ct.Cl. 1, 376 F.2d 857 (1967) (holding that federal employees have First Amendment protections when petitioning the Government for redress of grievances).

ability resulting from an injury, illness, or disease.

37 U.S.C. § 206(a).

■ Because plaintiff seeks back pay under section 206(a), this court has jurisdiction to address his claim. *Dehne v. United States,* 970 F.2d 890, 892 (Fed.Cir.1992). Although the court possesses jurisdiction, plaintiff's claim under section 206(a), nevertheless, must be dismissed for failing to state a claim upon which relief can be granted.

■ The Federal Circuit has held that payment under section 206(a) is limited to compensation for duties actually performed, *Banks v. Garrett,* 901 F.2d 1084, 1087 (Fed. Cir.), *cert. denied,* 498 U.S. 821, 111 S.Ct. 69, 112 L.Ed.2d 43 (1990), or for duties that would have been performed but for disability, illness, or disease, *Dehne,* 970 F.2d at 893. In this case, plaintiff does not allege that he performed any actual duties after his enlistment ended or that his non-performance arose out of injury, illness, or disease. Instead, plaintiff claims that he is due back pay for the hours he would have worked but for his wrongful separation, that is, an award of constructive service. In *Dehne,* the court expressly stated that section 206(a) does not permit payment for constructive service. *Dehne,* 970 F.2d at 893. Because plaintiff does not allege that he is entitled to pay for work actually performed, he fails to state a claim upon which relief can be granted.

■ Additionally, it is well established that an enlisted person has no right to reenlist when his previous enlistment period ends unless a statute creates such a right to reenlist. The Federal Circuit has stated that "no one has a right to enlist or reenlist in the armed forces, unless specially given one by statute or regulation." *Dodson v. United States Government,* 988 F.2d 1199, 1203–04 (Fed.Cir.1993). Furthermore, property interest in continued employment is limited to the term of enlistment. *Tennessee v. Dunlap,* 426 U.S. 312, 316, 96 S.Ct. 2099, 2101, 48 L.Ed.2d 660 (1976).

■ Contrary to plaintiff's assertion that he had a reasonable expectation to an extension of enlistment,[9] the Air National Guard Regulation that governs extensions and reenlistments provides:

A commander *may* approve or deny reenlistment or extension to any member of his/her command. Continued retention in the ANG is a command prerogative and *not an inherent right of any individual.* (emphasis added).

ANGR 39–09, ¶ 1–3d. The regulation further provides that "[n]o individual will be extended without the concurrence of his/her commander." ANGR 39–09, ¶ 5–1. Thus, the regulations give broad discretionary authority to the commander to make decisions concerning reenlistments or extensions of enlistments.[10]

9. Plaintiff argues that the United States Supreme Court in *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972), "approved" of a property interest based on reasonable expectation. Plaintiff's reliance on *Perry* is misplaced. In *Perry,* the Court held that even though a person has no "right" to a valuable governmental benefit and even though a benefit may be denied for any number of reasons, the government may not deny a benefit on a basis that infringes on a constitutionally protected interest. *Id.,* at 597, 92 S.Ct. at 2697. In this case, plaintiff has not alleged that defendant denied his request for extension of enlistment in retaliation for exercising any constitutionally protected right. Furthermore, the Court stated that "A person's interest in a benefit is a 'property' interest for due process purposes if there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit...." *Id.,* at 601, 92 S.Ct. at 2699. As noted in the accompanying text, ANGR 39–09 explicitly states that extensions of enlistment are "a com-

mand prerogative and not an inherent right of any individual."

10. In support of its contention that the court lacks jurisdiction over plaintiff's claim, defendant quoted the following from this court's decision in *Anderson v. United States,* 22 Cl.Ct. 178, 181–82 (1990), *aff'd,* 937 F.2d 623 (Fed.Cir.1991) (Table):

the court lacks jurisdiction to direct the Air Force to reenlist plaintiff absent any statutory or regulatory mandate that plaintiff has such a right.... As a result, plaintiff's complaint must be dismissed unless the court finds that plaintiff had a special statutory or regulatory right to reenlist.

The court's decision was affirmed by the Federal Circuit in an unpublished, non-precedential opinion. It is important to note, however, that the Federal Circuit expressly stated that the trial court did have jurisdiction to review Anderson's claim. To the extent that defendant cites

**702**

■ In military matters, whether state or federal, one should bear in mind the following:

It is equally settled that responsibility for determining who is fit or unfit to serve in the armed services is not a judicial province; and that courts cannot substitute their judgment for that of the military departments when reasonable minds could reach differing conclusions on the same evidence.

*Heisig v. United States,* 719 F.2d 1153, 1156 (Fed.Cir.1983). Judicial review is only appropriate where discretion is limited, and Congress has established "tests and standards" against which the court can measure the exercise of discretion. *Murphy v. United States,* 993 F.2d 871, 872 (Fed.Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1402, 128 L.Ed.2d 75 (1994). Here there are no tests or standards for the court to apply in determining whether the decision to deny the extension was correct. Instead, ANGR 39–09, ¶ 1–3d vests complete discretion in the commander. Moreover, there is no indication in the materials before the court which suggest that the denial of plaintiff's request for an extension of enlistment in the KYANG was arbitrary, capricious, an abuse of discretion, or in bad faith.

■ Even if the court could determine that the denial of plaintiff's request for extension was wrongful, there would be no statutory basis for awarding him back pay for work not actually performed. *See Bell v. United States,* 366 U.S. 393, 401, 81 S.Ct. 1230, 1235, 6 L.Ed.2d 365 (1961) (stating that a soldier's right to pay is based upon a statutory right). Because the court is unable to award monetary relief to plaintiff, it lacks the power to grant the collateral relief plaintiff seeks, *i.e.,* an order directing defendant to restore plaintiff to the grade and rank in the KYANG which he seeks herein. *Gnagy,* 225 Ct.Cl. at 251, 634 F.2d at 580. Thus, plaintiff has failed to state a claim upon which relief can be granted.

## CONCLUSION

For the foregoing reasons, the court finds that plaintiff is not entitled to reinstatement, nor pay and allowances after his term of enlistment expired because he fails to state a claim upon which relief can be granted. Defendant's motion based on RCFC 12(b)(4) is granted. Accordingly, the Clerk is directed to dismiss plaintiff's complaint, as amended. No Costs.

*Anderson* for the proposition that this court lacks jurisdiction to review plaintiff's claim, it does so

incorrectly.