John R. NAYLOR, pro se, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 96–602C.

United States Court of Federal Claims.

Aug. 14, 2002.

---

John R. Naylor, pro se, of New Baltimore, Michigan, for himself.

Monica J. Palko, Trial Attorney, with James M. Kinsella, Assistant Director, and David M. Cohen, Director, and Frank W. Hunger, Assistant Attorney General, Civil Division, U.S. Department of Justice, of Washington, D.C., for defendant, Major Kevin Greenfield, of counsel, United States Air Force General Litigation Division, of Arlington, VA.

### OPINION

SMITH, Senior Judge.

Before the Court is defendant's Motion to Dismiss for failure to state a claim on which relief can be granted and for lack of jurisdiction. Plaintiff seeks a determination that he was improperly dismissed from the Michigan Air National Guard. The defendant challenges this court's jurisdiction because plaintiff's claims are torts which were previously litigated in the United States District Court for the Eastern District of Michigan and at the Air Force Board for the Correction of Military Records. In addition, any remaining claims are tort claims, which plaintiff failed to add to his complaint and the court lacks jurisdiction to hear. Plaintiff pursues this claim *pro se* and asked the court to waive oral argument.

### FACTS

Mr. Naylor, the plaintiff in this case, was a military policeman with the Michigan Air National Guard from 1973 to 1993. Plaintiff was assigned to Selfridge Air National Guard Base (Selfridge) in Michigan. In 1993 he was discharged for psychological problems that arose out of the following events.

In 1991, plaintiff sought counseling for stress due to the possibility that he would be sent to the Gulf to assist in Desert Storm. A social worker at Selfridge agreed to provide counseling. From October 1991 to September 1992, they met weekly for more than 90 sessions which the plaintiff believed were confidential. On September 11, 1992, the plaintiff and his social worker had a disagreement when the social worker refused to hold additional sessions with the plaintiff. She called the Base Military Police to remove plaintiff from her office and take him to the Army Health Clinic at Selfridge. At the Army Health Clinic plaintiff was to consult with an Army medical doctor. Prior to plaintiff's interview, with the doctor, the social worker told the doctor about what she had learned during the course of her counseling sessions with the plaintiff.

Plaintiff was evaluated three times by psychologists and had complete physical exams an additional three times over the course of the next six months to determine his ability to continue in his job. During those evaluations, the psychologists relied on information the social worker had provided as well as interviews with plaintiff. They found that plaintiff was not a threat to himself or others. They determined, however, that he suffered from a psychosis and recommended that his weapons authorization and world-wide qualification be revoked. In November 1992 his supervisor removed plaintiff's weapons authorization, which precluded him from serving in his job as a military policeman. In addition, plaintiff was denied unescorted access to his job, denied access to classified information, and restricted to administrative duties.

On August 2, 1993, plaintiff's commander informed plaintiff that he was recommending Naylor be involuntarily terminated from the Active Guard Reserve Program. Plaintiff learned on September 21, 1993, that he would be involuntarily discharged on October 1, 1993, without a finding that he was medically unfit to serve.

On September 27, 1995, Naylor filed an action with the District Court for the Eastern District of Michigan. In that complaint the plaintiff sued the Air Force, Adjutant General of Michigan, and his original social worker under theories of 1) deprivation of due process and equal protection rights, 2) a declaratory judgement that the Adjutant General of Michigan did not have authority

to discharge members of the Active Guard Reserve Program, and 3) that the social worker was negligent per se and inflicted emotional distress on the plaintiff through her actions. The court dismissed the action against the Adjutant General because the court lacked subject matter jurisdiction under the 11th Amendment and because the matter was not justiciable because it involved a military personnel decision. *See Transcript of Defendant Stump's Motion to Dismiss* p. 36, argued before the Honorable Anna Diggs Taylor (Febr.5, 1996). The court allowed the case to proceed against the federal defendants.

Plaintiff filed an amended complaint in the District Court on March 4, 1996. At the oral argument on defendant's motion to dismiss, Judge Taylor dismissed the case because military personnel cannot bring constitutional tort claims against the military. Judge Taylor said the other tort claims fell under the Federal Tort Claims Act, but the plaintiff had failed to follow the procedures outlined in the Act. In addition, the Act does not allow for suits on discretionary actions like employment decisions. However, Judge Taylor dismissed without prejudice any remaining tort actions the plaintiff might have, which could be filed with this court. In September 1996, plaintiff appealed this District Court decision to the Sixth Circuit Court of Appeals where it was summarily upheld.

While the District Court case was pending, plaintiff sought similar relief from the Air Force Board for the Correction of Military Records on June 21, 1996. The AFBCMR denied plaintiff's application on July 29, 1998.

On September 26, 1996, the plaintiff filed his complaint in this court. It is virtually identical to the complaint and amended complaint he filed in the District Court. The only new information contained in the complaint filed with this court focuses on the role of the State Adjutant General and his ability—or lack thereof—to control and direct the actions of federal Air National Guard troops (¶ 44–45) and on the previous litigation between the plaintiff and defendant (¶ 53–63). Plaintiff, however, raises no new claims before this court.

In his complaint the plaintiff asks this court to grant the following relief in his complaint:

1. A determination that federal regulations prevent state officers from firing a air national guard employee;

2. Order the Secretary of the Air Force to modify promulgating regulations to establish federal control and military justice jurisdiction for those who are active duty under 32 U.S.C. § 502(f);

3. Order the Secretary of the Air Force to review all other promulgating regulations pursuant to the Air National Guard to eliminate any authority in a state adjutant general to control full-time military personnel.

4. Order the Secretary of Air Force to reinstate plaintiff in the Air Guard Reserve program with backdated seniority and benefits.

5. Award plaintiff backpay, fees, and costs.

6. Other relief the court deems just and equitable.

The United States argues that the plaintiff is barred from litigating this case by the principle of *res judicata* and this court lacks jurisdiction over the case. In his response, plaintiff raises new arguments, which he states will require his complaint to be amended. Plaintiff, however, never filed a motion to amend his complaint with this court. Thus, the court must proceed under the original complaint.

## DISCUSSION

### I. JURISDICTION

The United States is immune from suit unless Congress specifically waives the government's sovereign immunity. *See United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976); *Soriano v. United States,* 352 U.S. 270, 276, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957). The Tucker Act waives the Federal Government's sovereign immunity so the Court of Federal Claims can "render judgment upon any claim against the United States ... not sounding in tort." 28 U.S.C. § 1491(a)(1) (1994 & Supp.2001). The only claims at question in this case that could

have survived the District Court's decision are the undefined tort claims that Judge Taylor mentioned in her decision. The Tucker Act, however, is very clear and limits this court's tort jurisdiction.

■ The Court has limited jurisdiction to hear tort claims that arise from the breach of a contractually created duty. *See Bird & Sons, Inc. v. United States,* 190 Ct.Cl. 426, 420 F.2d 1051, 1054 (1970) ("most tort claims are outside of the jurisdiction of this court ... [h]owever when an alleged 'negligent' act constitutes a breach of a contractually created duty, the Tucker Act does not preclude relief"), *LeBlanc v. United States,* 50 F.3d 1025, 1030 (Fed.Cir.1995) ("... these are tort claims, over which the Court of Federal Claims has no jurisdiction."); *Florida Rock Indus. v. United States,* 791 F.2d 893, 898 (Fed.Cir.1986). Nowhere in plaintiff's complaint does he list tort claims separately and distinctly. Nor does he raise contract claims that could give rise to this court's jurisdiction under breach of contract. Instead, he leaves the task to the court to determine what, if any, remaining tort claims he may have after Judge Taylor's District Court decision. That, however, is insufficient to establish this court's jurisdiction.

This court has jurisdiction over military pay disputes under the Tucker Act. *See* 28 U.S.C. § 1491 (1994 & Supp.2001). *See also, Sawyer v. United States,* 930 F.2d 1577 (Fed. Cir.1991) (Tucker Act jurisdiction to actions challenging Board of Correction's disability retirement decision); *Sanders v. United States,* 219 Ct.Cl. 285, 594 F.2d 804 (1979); *Sanders v. United States,* 34 Fed.Cl. 75, 80 (1995) ("court has jurisdiction to hear military pay cases in which the claim arises from statutes or regulations as opposed to the subjective expectations of members of the armed forces"); *United States v. Larionoff,* 431 U.S. 864, 869, 97 S.Ct. 2150, 53 L.Ed.2d 48 (1977) (jurisdiction to hear re-enlistment bonus disputes); *Wyatt v. United States,* 2 F.3d 398 (Fed.Cir.1993) (jurisdiction to hear specialty pay claims); *Taylor v. United States,* 33 Fed.Cl. 54 (1995) (jurisdiction over regular pay disputes). However, the plaintiff has not raised a Back Pay Act claim or challenge to the actions of the AFBCMR in

his complaint. Indeed, any Back Pay Act claim must be founded in a claim that the government's actions violated a regulatory procedure. Instead, plaintiff merely restates what he had previously litigated in United States District Court.

## II. STANDARD OF REVIEW

Plaintiff challenges his dismissal from the Michigan Air National Guard, and the decisions of the United States District Court for the Eastern District of Michigan and the Court of Appeals for the Sixth Circuit. As we discuss in the following section, this court has no jurisdiction to review the decision of United States district courts or courts of appeals.

In addition, the plaintiff in his complaint fails to ask this court to review the AFBCMR's decision to discharge plaintiff. Even if the plaintiff had, the standard of review is quite high. Plaintiff bears the burden of showing that the Board's findings were "arbitrary, capricious, contrary to law, or unsupported by substantial evidence." *Wronke v. Marsh,* 787 F.2d 1569, 1576 (Fed. Cir.1986), *cert. denied,* 479 U.S. 853, 107 S.Ct. 188, 93 L.Ed.2d 121 (1986), *quoted in Walters v. United States,* 37 Fed.Cl. 215, 220 (1997). The military has great discretion in determining who will serve in it and at what point they will no longer be able to serve. *See Murphy v. United States,* 993 F.2d 871 (Fed.Cir.1993) and *Orloff v. Willoughby,* 345 U.S. 83, 73 S.Ct. 534, 97 L.Ed. 842 (1953). The court uses an arbitrary and capricious standard to determine whether the Board has abused its discretion. *See Chappell v. Wallace,* 462 U.S. 296, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983), *Wyatt v. United States,* 23 Cl.Ct. 314 (1991), and *Bell v. United States,* 32 Fed.Cl. 259 (1994). Even if plaintiff were challenging the actions of the AFBCMR, he fails to show in his complaint that any AFBCMR's action was arbitrary and capricious.

## III. RES JUDICATA

■ The defendant alleges that this court is barred from hearing this case under *res judicata. Res judicata* is the legal principle that a party has one opportunity to fully

litigate a claim; after that opportunity further litigation is barred. *See Montana v. United States,* 440 U.S. 147, 153–55, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979); *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). *Res judicata* has the "dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane,* 439 U.S. at 326, 99 S.Ct. 645. Three elements must be satisfied for *res judicata* to apply:

> 1) the decision of the court in the prior case must be a final decision,
>
> 2) the parties must be identical or in privity with the prior parties, and
>
> 3) the claims must be identical to those that were litigated in the earlier case.

*See Montana v. United States,* 440 U.S. 147, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979); *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979); *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981); *Case, Inc. v. United States,* 88 F.3d 1004 (Fed.Cir. 1996); *Vitaline Corp. v. General Mills, Inc.,* 891 F.2d 273, 274–75 (Fed.Cir.1989); *Young Engineers, Inc. v. United States Intn'l Trade Comm'n,* 721 F.2d 1305, 1313–15 (Fed.Cir. 1983). That is precisely the case here. Plaintiff's claims are identical to those he raised in District Court and at the Sixth Circuit; he alleged the same facts and law in all cases; and the parties in each suit are identical. Thus, the requirements of *res judicata* are fully satisfied, and plaintiff's previously litigated claims are barred.

### A. The District Court for the Southern District of Michigan issued a final decision.

In *Naylor v. Widnall, et al.,* No. 95–CV–75037–DT (E.D.Mich.1995), Judge Taylor heard oral argument on the defendant's motion to dismiss and granted that motion both at oral argument and in a written order that was filed the same day. The plaintiff appealed Judge Taylor's decision to the Sixth Circuit Court of Appeals, which summarily upheld Judge Taylor's decision. Each courts' actions were final. Thus, the first prong of *res judicata* is satisfied.

### B. The parties in both cases were identical.

The parties in *Naylor v. Widnall* are identical to the parties in this case. Mr. Naylor was the plaintiff in the case heard before the District Court in the Eastern District of Michigan, and he is the plaintiff in this case. In the Michigan case, Judge Taylor dismissed plaintiff's action against General Stump, the adjutant general for the state of Michigan. Judge Taylor also granted the United State's motion to substitute itself for Ms. Samulski, plaintiff's social worker. Even if the District Court had not substituted the government for Ms. Samulski, the parties would be the same because "both suits challenge the action of the United States [Air Force]." *Brown v. West,* No. 94–2674–LFO, 1995 WL 623038, at *5 (D.D.C. Oct.13, 1995) ("for *res judicata* purposes, the defendants are identical."). Thus, the parties are identical in both cases. The second prong of *res judicata* is satisfied.

### C. Naylor had a full and fair opportunity to litigate his causes of action in the district court, and identical actions are barred by *res judicata.*

"[T]he doctrine of *res judicata* prevents a party from relitigating the same claims that were or could have been raised before." *Case, Inc. v. United States,* 88 F.3d 1004, 1011 (Fed.Cir.1996). The facts and actions adjudicated before this court and the district court case are identical. The only new information contained in the complaint filed with this court focuses on the role of the State Adjutant General and his ability—or lack thereof—to control and direct the actions of federal Air National Guard troops (¶ 44–45) and on the previous litigation between the plaintiff and defendant (¶ 53–63). The court finds that the plaintiff did not raise any new tort claims or other claims in this court. Instead, all of the claims listed in the complaint filed in this court are identical to those in *Naylor v. Widnall.*

In *Naylor v. Widnall,* the District Court ruled that the plaintiff had no claim under

either of his theories: 1) that a member of the Air National Guard was not subject to the control of the state adjutant general [1] and 2) challenging his dismissal. After the Court of Appeals for the Sixth Circuit affirmed the District Court's dismissal, the plaintiff failed to amend his complaint in this court to reflect any claims that might be left after those rulings. In his reply to the defendant's brief, plaintiff's new attorney suggested claims he might add if he decided to amend the complaint. However, this attorney failed to file a motion to amend with this court. Without such a motion, plaintiff's potential claims cannot be raised in or addressed by this court.

In plaintiff's Notice of Related Cases filed with this court, he stated that the suits in District Court and before the Court of Appeals "all relate to the same or substantially identical transactions, happenings, or events as described in Plaintiff's Complaint in this Honorable Court, and concern the determination of the same or substantially identical questions as arise in this matter...." This strikes the court as a clear admission that the complaint filed in this court was an attempt to relitigate the same events in what the plaintiff hoped would be a friendlier environment. The law prohibits the plaintiff from doing this. All parties are given one opportunity to fully litigate their claims, but only one opportunity. The plaintiff has not alleged in any of his filings with this court that he did not have a full and fair opportunity to litigate his cause in any of the other forums, merely that he wants to keep trying until he receives the answer he likes.

Thus, plaintiff cannot seek relief in this court because his claims have been previously and completely litigated. In addition, plaintiff has failed to clearly articulate for the court what any remaining claims may be. It is not the duty of the court to determine what the plaintiff's claims are. *See Malissa Co. v. United States,* 18 Cl.Ct. 672, 673 (1989); *Sundstrand Turbo v. United States,* 182 Ct.Cl. 31, 389 F.2d 406, 422–23 (1968) ("It is not the court's function to supply this

deficiency by an independent excursion along the administrative trail.").

## CONCLUSION

For the reasons stated above, the court hereby GRANTS defendant's motion to dismiss. Each party shall bear its costs.

It is so ORDERED.

---

**1.** The Air National Guard is subject to the control of the state adjutant general. *See Christoffersen v. United States,* 230 Ct.Cl. 998, 1982 WL 25304 (1982), *Wright v. United States,* 19 Cl.Ct. 779 (1990); *Perpich v. United States Department of Defense,* 666 F.Supp. 1319 (1987), *aff'd* 496 U.S. 334, 110 S.Ct. 2418, 110 L.Ed.2d 312 (1990).